WILLIAMS, Judge.
Defendant, Kelvin Green, was charged by bill of information on June 9, 1989, with possession with intent to distribute cocaine, a violation of LSA-R.S. 40:967(B)(1). At his arraignment on June 27, 1989, he pled not guilty. He was tried by a jury of twelve on March 7 and 8, 1990, and found guilty of the lesser included offense of simple possession of cocaine. He was then sentenced on March 8, 1990 to five years at hard labor, suspended, and placed on five years probation.
On appeal, defendant claims the trial court erred in denying his motion to suppress, allowing a narcotics detective to qualify as an expert on the handling, packaging and distribution of narcotics and refusing to grant two motions for mistrial. After reviewing his claims, we find the first two are meritless and the third does not constitute reversible error. Therefore, we affirm defendant’s conviction and sentence.
FACTUAL HISTORY
On April 18, 1989, Officer Steven Im-bragulio received information from a confidential informant that a black male in his thirties, wearing a red tank top and gray shorts, and sitting in a vacant lot at the corner of Jeannette and Monroe Streets, was selling “crack” cocaine. The described area was known for drug trafficking. Within five minutes of receiving the information, Officer Imbragulio and his partner, Officer Roberson, proceeded to the described location. Upon their arrival, they saw defendant in the vacant lot. He was wearing a red tank top and shorts, sitting on a chair behind a makeshift table and holding a child in his lap.
The officers testified that they immediately approached defendant and identified themselves as police officers. They noticed a scanner, a radio that monitors police frequencies, was on the table and it was tuned to channel 12, the frequency encompassing the police district in which the vacant lot was located. They also noticed that a steak knife was on the table.
The officers informed defendant that he was under investigation. They asked him to stand. When defendant complied, Officer Imbragulio frisked him for weapons, finding none. The officers thought defendant appeared nervous. He refused to give them his name. Officer Imbragulio then asked defendant to step back. When he complied with this request, the officers discovered that a clear plastic bag had been under defendant’s right foot. The bag contained twelve smaller bags, each one containing a piece of “crack” cocaine. The *827 officers arrested defendant. They found $70 in his pant pocket.
ERRORS PATENT
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR ONE
Defendant contends that the trial court erred in denying his motion to suppress the evidence because the state failed to prove the officers had reasonable grounds to stop him before they approached him in the vacant lot. We disagree.
LSA-C.Cr.P. art. 215.1 provides that a law enforcement officer may temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed, or is about to commit a crime. Reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts and circumstances to justify an infringement of the individual’s right to be free from governmental interference. State v. Belton, 441 So.2d 1195 (La.1983), cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
Reasonable cause to stop and detain one suspected of criminal activity may be provided by information given by an anonymous informant if the information is independently corroborated. State v. Sandifer, 544 So.2d 1305 (La.App. 4th Cir.1989); State v. Taylor, 531 So.2d 1137 (La.App. 4th Cir.1988); State v. Anderson, 478 So.2d 163 (La.App. 4th Cir.1985).
Herein, Officer Imbragulio testified that on April 18, 1989, an unknown informant contacted him, advising him that a black male in his thirties, wearing a red tank top and gray shorts, was sitting in a vacant lot located at the corner of Jeannette and Monroe Streets and selling “crack” cocaine. The informant said the “crack” was lying on the ground next to the seller.
Officer Imbragulio and his partner arrived at the described location within five minutes of receiving the anonymous call. They immediately saw defendant in the vacant lot, sitting behind the makeshift table, and observed that he matched the description given to them by the informant. Thus, the anonymous tip was independently corroborated by the officers’ own observations.
Based upon the information provided by the informant, combined with their independent corroboration of the information,[1] the officers had reasonable cause to conduct an investigatory stop of defendant. Therefore, the officers’ discovery of the bag containing the individual bags of “crack” was not the fruit of an unlawful intrusion into defendant’s right to be free from unwarranted governmental interference. Consequently, the trial court did not err in denying the motion to suppress.
This assignment is without merit.
ASSIGNMENT OF ERROR TWO
Defendant claims the trial court erred in allowing Detective Ronnie Austin to qualify as an expert regarding the packaging of drugs for distribution.
Detective Austin, who has been assigned to the Narcotics Division of the New Orleans Police Department for 8½ years, testified out of the jury’s presence that he had attended the Drug Enforcement Administration’s Basic Agent’s Course, Illicit Clandestine Laboratory School and Asset Seizure School. He testified that, while working undercover, he had participated in cocaine buys. Predicated upon an extemely large number of “crack” cocaine arrests, he attested to his familiarity with the packaging of “crack” cocaine. He also informed the court that he had qualified as an expert in the packaging, distribution and handling of narcotics at the street level in federal court and in other Orleans Parish criminal district courts. Over defense objection, the court then qualified him as an expert in the handling, distribution and *828 packaging of street level narcotics, particularly “crack” cocaine.
Defendant’s initial claim is the trial court erred by allowing Detective Austin to testify as an expert because his opinion was not distinctly related to a “science” so as to be beyond the understanding of the average man.
The trial court is granted much discretion in determining whether a party qualifies as an expert. State v. Boyer, 406 So.2d 143 (La.1981). The two elements which must be proven before expert’s testimony may be admitted are 1) the subject of the inference must be so distinctly related to some science, profession, business or occupation so as to be beyond the understanding of the average layman; and 2) the witness has sufficienct skill, knowledge or experience in the field or calling as to make it appear that his opinion or inference will probably aid the trier of fact in his search for truth. State v. Montana, 421 So.2d 895 (La.1982).
In Montana, the court qualified a police officer to testify as an expert in the illegal use and distribution of heroin. The court determined that “the procedures and techniques for the illegal use and distribution of heroin are generally unknown to the public at large and may be explained to the jury to aid them in their search for truth by one possessing special training or experience in such matters.” State v. Montana, 421 So.2d at 899. The court then found the police officer, who had worked in the NOPD Narcotics Division for 8 years, had attended a 2 week course in drug enforcement, had arrested hundreds of people for heroin possession or distribution, had worked as an undercover narcotics agent for 19 months and had previously qualified as an expert on the subject, was qualified to testify as an expert in the packaging and distribution of heroin. See also, State v. White, 450 So.2d 648 (La.1984); State v. Valentine, 496 So.2d 378 (La.App. 4th Cir.1986).
Under the ambit of Montana, the handling and distribution of narcotics at street level is considered a subject related to a science, profession, business or occupation beyond the understanding of the average layman. Further, applying the standards accepted in Montana, Detective Austin’s experience indicated he possesses sufficient skill, knowledge or experience to aid the jury in its search for truth. Thus, the trial court did not abuse its discretion by qualifying Detective Austin as an expert on the subject of the handling, packaging and distribution of “crack” cocaine.
Defendant’s next claim is Detective Austin’s testimony that “the amount of drugs found near defendant was used for a stash or consignment” and “his possession of money, a police scanner radio and drugs meant that he was in the business of distributing drugs,” constituted a prohibited expression of opinion on the ultimate question “of whether the defendant had the intent to distribute.”
In support of his claim, defendant correctly sets forth the rule of law that it is improper for an expert witness to express his opinion on the ultimate issue of the defendant’s guilt or innocence. State v. Montana, supra. The erroneous admission of expert testimony is reversible error, however, only if there is a reasonable possibility that the error contributed to the defendant’s conviction. State v. Dabney, 452 So.2d 775 (La.App. 4th Cir.1984).
Herein, there is no reasonable possibility that the error contributed to defendant’s conviction. He was convicted of simple possession and not with possession with intent to distribute, as charged in the bill of information. Further, defendant has not demonstrated how the admission of the testimony contributed to his conviction for simple possession. Thus, a determination of whether Detective Austin actually testified on the issue of defendant’s intent to distribute, is unnecessary.
This assignment is without merit.
ASSIGNMENT OF ERROR THREE
Defendant claims the trial court erred in refusing to grant his two motions for mistrial.
*829 His first motion for a mistrial occurred during his recross-examination when the prosecutor allegedly asked him about other crimes that he allegedly committed.
The record reflects that during cross-examination, defendant told the state he had a friend on the police force, Officer Roland, with whom he had studied martial arts. Defendant explained that he had decided not to call Officer Roland as a witness on his behalf because the officer had informed him that his supervisor did not approve of him testifying for a defendant. On re-cross, the state inquired, “Isn't it a fact that he said to you that he was not going to testify for you because you’re messing around with drugs, didn’t he say that to you?” The defense then moved for a mistrial, which the trial court denied. Defendant now contends that the quoted comment violated LSA-C.Cr.P. art. 770, because it impermissibly referred to “other crimes” committed by him.
Article 770 mandates a mistrial if the prosecutor refers to other crimes committed or alleged to have been committed by defendant. The text of the article provides, in pertinent part, as follows:
Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
***** *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
We find the state’s inquiry about defendant “messing around with drugs” does not constitute a per se violation of LSA-C.Cr.P. art. 770(2) and, therefore, does not warrant a reversal of defendant’s conviction.
Reviewing the objectionable inquiry and the entire record, we find it unlikely that the jury inferred that the inquiry referred to crimes outside the evidence of this case. Cf. State v. Eastin, 419 So.2d 933 (La.1982). Rather, the jury probably inferred that the reference was either directed at the instant offense or to defendant’s own prior admission to a marijuana-related conviction. Id. Thus, defendant’s right to a fair trial was not impaired. Any possible error was harmless. See Id. But see State v. Morgan, 513 So.2d 361 (La.App. 4th Cir.1987), writ den., 514 So.2d 1179 (La.1987).
Defendant’s second motion for mistrial allegedly occurred during the state’s closing argument when the state commented that the trial court had given its “seal of approval” to Detective Austin testifying as an expert. Immediately following the state’s comment, defense counsel voiced his objection. The record, however, does not reflect that counsel motioned for mistrial. Therefore, as the record does not substantiate that defendant motioned for mistrial, and as defendant has not demonstrated how the remark influenced the jurors and/or contributed to their verdict, we find this argument is without merit. See State v. Kyles, 513 So.2d 265 (La.1987), cert. den., Kyles v. Louisiana, 486 U.S. 1027, 108 S.Ct. 2005, 100 L.Ed.2d 236 (1988), reh’g den., 487 U.S. 1246, 109 S.Ct. 4, 101 L.Ed.2d 955 (1988).
For the reasons stated, we affirm defendant’s conviction and sentence.
CONVICTION AFFIRMED; SENTENCE AFFIRMED.

. Normal procedure would probably involve a surveillance which would have corroborated the report that sales of crack were taking place. But, considering the presence of the baby, a delay was not warranted.