| iBARRY, Judge.
The defendant was charged with possession of cocaine, La.R.S. 40:967. The trial court granted the defendant’s motion to suppress and the state seeks review of that ruling. We grant certiorari and reverse.

Facts

New Orleans Police Officer Mark Mumme testified that on September 13, 1994 he received a call that a black male wearing a white T-shirt and blue shorts was carrying a gun. The officers drove to the address of the caller and did not see anyone who fit the description. They proceeded around the corner and observed the defendant on the steps of an abandoned house wearing a white T-shirt and blue jean shorts. The officers ordered the defendant and his companion to approach the police car, and they complied. The defendant dropped a clear plastic bag that contained a white substance, and when Officer Mumme attempted to conduct a pat-down search, the defendant unsuccessfully tried to flee. When the officers determined that the discarded bag contained contraband they arrested the defendant.

12Discussion

A police officer may briefly detain and interrogate an individual when the officer reasonably suspects that the individual is committing, has committed or is about to commit a crime. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion for an investigatory stop is something less than probable cause and it must be determined under the facts of each case whether the officer had sufficient knowledge of specific facts and circumstances to justify the infringement. State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. den. 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Bridges, 610 So.2d 827, 829 (La.App.4th Cir. 1992), on reh., 617 So.2d 515 (La.App.4th Cir.1993), writ granted and remanded on other grounds, 629 So.2d 1156 (La.1993).
When an officer makes an investigatory stop without the legal right to do so, property abandoned as a result thereof cannot be legally seized. If property is abandoned without a prior unlawful intrusion into a citizen’s right to be free from government interference, then it can be lawfully seized. State v. Belton, 441 So.2d at 1199. An actual stop of an individual occurs when the individ *1078 ual submits to a police show of authority or is physically contacted by the police. State v. Tucker, 626 So.2d 707, 712 (La.1993).
The defendant was walking toward the police car in response to the officers’ order and had submitted to a police show of authority when he abandoned the plastic bag. Thus he was actually stopped, and we examine whether the officers acted on reasonable suspicion.
In State v. Bridges, supra, a caller reported that a black male wearing a yellow shirt was possibly selling narcotics at a particular location. The police 13found the defendant at the location, and though he was not engaged in suspicious activity, he fit the description and was in an area known for drug trafficking. This Court held that the motion to suppress was properly denied. In State v. Green, 590 So.2d 825 (La.App.4th Cir.1991), a confidential informant told police that a black male in his thirties wearing a red tank top and gray shorts was sitting in a vacant lot selling crack cocaine. The police found the defendant in the lot wearing a red tank top and shorts. This Court held that the anonymous tip was independently corroborated and the motion to suppress properly denied.
In the instant case, a caller reported that a black man clad in a white T-shirt and blue shorts was carrying a gun. The officers did not see anyone with that description at the address of the caller but saw defendant with a white T-shirt and blue shorts sitting on the steps of an abandoned house within a block of that location. Considering the totality of the circumstances, we conclude that the police had reasonable suspicion for the investigatory stop, and the motion to suppress was improperly granted. We reverse and remand.

WRIT GRANTED REVERSED; REMANDED.