728 So.2d 885 (1998)
STATE of Louisiana
v.
Clinton JOHNSON.
No. 98 KA 0264.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
Ellen Daigle Doskey and Juan W. Pickett, Assistant District Attorneys, Terrebonne Parish, Houma, Counsel for Appellee State of Louisiana.
Margaret Smith Sollars, Louisiana Appellate Project, Thibodaux, Counsel for Defendant/Appellant Clinton Johnson.
BEFORE: GONZALES, KUHN, AND WEIMER, JJ.
KUHN, Judge.
Defendant, Clinton Johnson, was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967 C. He pled not guilty and filed a motion to suppress physical evidence, i.e., cocaine. Following the denial of his motion, defendant entered a Crosby[1] plea, reserving the right to appeal the trial court's ruling. The trial court sentenced defendant to three years at hard labor, but suspended the sentence subject to several special conditions, including a requirement that defendant serve six months in parish prison and pay a fine of $500. Defendant now appeals, arguing that the trial court erred in denying his motion to suppress.

Facts
On November 14, 1996, the Houma Police Department received a tip from an anonymous telephone caller indicating that four individuals, one black female and three black males, were selling drugs at the corner of Buron and Louise Streets. Thereafter, the police received several similar complaints throughout the day. Officer Ray Marcel was *886 one of the officers dispatched to the stated location. Upon arriving, he observed one black female and three black males as indicated in the tip. The female and two of the males were standing at the corner and defendant was sitting on the curb. Officer Marcel drove up to the corner and asked the four individuals to step forward. After they complied, Officer Marcel searched one of defendant's companions for weapons and discovered drugs on him. Officer Marcel then frisked defendant for weapons and felt a small object in defendant's top pocket. Officer Marcel testified at the suppression hearing that defendant told him to go ahead and check the object. At that point, Officer Marcel reached into defendant's pocket and retrieved what turned out to be a rock of cocaine wrapped in a piece of napkin. It is this rock of cocaine that defendant sought to suppress.

Assignment of Error
On appeal, defendant argues the trial court should have granted his motion to suppress because the police lacked reasonable cause to conduct an investigatory stop or to frisk him for weapons.
The United States and Louisiana Constitutions prohibit unreasonable searches and seizures. U.S. Const. Amend. IV; La. Const. art. 1, § 5. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the state to affirmatively show that it was justified under one of the narrow exceptions to the rule requiring a search warrant. La.Code Crim. P. art. 703 D; State v. McHugh, 92-1852, pp. 4-5 (La.1/6/94), 630 So.2d 1259, 1262.
However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by Louisiana Code of Criminal Procedure article 215.1, as well as both federal and state jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Ducre, 604 So.2d 702, 706 (La.App. 1st Cir. 1992). Reasonable cause for an investigatory detention is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts and circumstances to justify an infringement on the individual's right to be free from governmental interference. The right to make an investigatory stop and question the particular individual detained must be based upon reasonable cause to believe that he has been, is, or is about to be engaged in criminal conduct. The totality of the circumstances must be considered in determining whether reasonable cause exists. Furthermore, in order to assess the reasonableness of an officer's conduct, it is necessary to balance the need to search or to seize against the harm of invasion. Ducre, 604 So.2d at 706.
In making a brief investigatory stop on less than probable cause to arrest, the police must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. The stop must be based on more than an unparticularized suspicion or "hunch." However, since the level of suspicion need not rise to the probable cause required for a lawful arrest, the police need have only some "minimal level of objective justification" for the stop. State v. Huntley, 97-0965, pp. 2-3 (La.3/13/98); 708 So.2d 1048, 1409 quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989).
An anonymous tip, when corroborated by the police, can provide justification for an investigatory detention if the tip is sufficient to furnish reasonable suspicion of criminal activity. State v. Robertson, 97-2960, p. 1 (La.10/20/98); 721 So.2d 1268. See State v. Miskel, 95-584, p. 5 (La.App. 5th Cir.1/30/96), 668 So.2d 1299, 1302; State v. Daniels, 25,833, p. 4 (La.App.2d Cir.3/30/94), 634 So.2d 962, 964; State v. Green, 590 So.2d 825, 827 (La.App. 4th Cir.1991). Also, where the information, if correct, presents an immediate and real danger to the public, prompt police action is justified to prevent possible serious harm. Moreover, once a lawful detention is made, a police officer is justified in frisking the suspect for weapons under circumstances where he reasonably suspects that he is in danger. La.Code Crim. P. art. *887 215.1(B); State v. Jernigan, 377 So.2d 1222, 1225 (La.1979), cert. denied sub nom. Jernigan v. Louisiana, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980).
In the present case, Officer Marcel made an investigatory stop based on not one, but several telephone calls to the police giving information that one black female and three black males were selling drugs at the corner of Buron and Louise Streets. Having received such information, the police were duty bound to investigate the complaints and authorized to stop defendant and his companions to question them regarding the accusations. See Daniels, 25,833 at p. 4, 634 So.2d at 964. When Officer Marcel arrived at the location specified, he independently verified that the number and sex of the individuals at the street corner matched the information given in the telephone calls. Further, when Officer Marcel frisked one of defendant's companions and found drugs, this discovery provided Officer Marcel with substantial corroboration of the tips received by the police. Thus, based on the totality of the circumstances, Officer Marcel had reasonable cause to further his investigation with a pat down of the outer clothing of the defendant. Additionally, when Officer Marcel felt an object in defendant's pocket, defendant told him "to go ahead and check it." Thus, Officer Marcel had consent to retrieve the object from defendant's pocket and examine it. A search conducted pursuant to consent is an exception to the requirements of both a warrant and probable cause. State v. Francise, 597 So.2d 28, 33 (La.App. 1st Cir.), writ denied, 604 So.2d 970 (La.1992). The discovery of the drugs on defendant's companion corroborated the anonymous tip and provided reasonable suspicion to search the defendant. Thus, this matter can be distinguished from State v. Robertson.
For the reasons assigned, we find no error in the trial court's denial of defendant's motion to suppress physical evidence. Defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
WEIMER, J., concurs and assigns reasons.
WEIMER, Judge, concurring.
I concur with the result and rational of the majority.
In this matter, the police officer initially acted upon the receipt of a series of anonymous telephone calls that three black males and a black female were engaged in drug transactions at a particular location.[1] He went to that location and asked the four individuals to step forward. He first patted down one of the individuals and determined he was in possession of drugs. Next, he patted down the defendant and determined he was in possession of cocaine after the defendant gave the officer permission to search his pocket.
In State v. Robertson, 1998 WL 727417, 721 So.2d 1268 (La.10/20/98), the Louisiana Supreme Court considered "whether the information provided by the anonymous [telephone] informant was sufficient to generate reasonable suspicion for the investigatory detention" of an individual subsequently charged with possession with intent to distribute cocaine. 721 So.2d 1268, 1998 WL 727417 at *6. The court held:
In the absence of any suspicious conduct or corroboration of information from which police could conclude that the anonymous informant's allegation of criminal activity was reliable, we must conclude that there was no reasonable suspicion to detain defendant. 721 So.2d 1268, 1998 WL 727417 at *11.
*888 This matter can be distinguished from State v. Robertson in that the tip was corroborated when drugs were found on the defendant's companion.
The court further noted in Robertson:
We note that the police were not powerless to act on the non-predictive, anonymous tip they received. The officers could have set up more extensive surveillance of defendant until they observed suspicious or unusual behavior. Furthermore, if, after corroborating the readily observable facts, the officers had noticed unusual or suspicious conduct on defendant's part, they would have had reasonable suspicion to detain him. 721 So.2d 1268, 1998 WL 727417 at *11.
See also State v. Green, 590 So.2d 825, 829 n. 1 (La.App. 4 Cir.1991) ("Normal procedure [in following up on an anonymous tip] would probably involve a surveillance which would have corroborated the report that sales of crack [cocaine] were taking place.")
Given the record in this matter, the anonymous tip did not generate reasonable suspicion until the police officer found drugs on the defendant's companion. A police officer should not rely on the fortuitous fact that he happened to first frisk someone in possession of drugs.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution protect citizens from unreasonable searches and seizures. Louisiana Code of Criminal Procedure article 215.1, together with federal and state jurisprudence, recognizes the right of a law enforcement officer to temporarily detain and interrogate one whom the officer reasonably suspects is committing, has committed, or is about to commit a crime. See State v. Robertson, 721 So.2d 1268, 1998 WL 727417 at *6-7. An individual's right to be free from governmental interference must be considered in evaluating whether reasonable suspicion exists for the police to engage in an investigatory detention based on an anonymous tip.
NOTES
[1] See State v. Crosby, 338 So.2d 584 (La.1976).
[1] The trial judge asked the police officer to advise him of the precise location and the officer responded by referencing the corner of two streets. Although there is nothing in the record to indicate whether this is an area of frequent drug activity, there is a possibility this a "notorious drug-trafficking area" and the trial court was in a position to take judicial notice of that fact. See State v. Sterling, 479 So.2d 641, 643 (La.App. 1 Cir.1985), writ denied, 482 So.2d 626 (1986). The reputation of a location is an articulable fact upon which a police officer may legitimately rely to form reasonable suspicion. So called high crime areas are places in which the character of the area gives color to conduct which might not otherwise arouse suspicion. See State v. Buckley, 426 So.2d 103, 108 (La.1983).