RLeBLANC, J.
The defendant, Stanley J. Brumfield, was charged by bill of information with the illegal possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1. He entered a guilty plea to attempted illegal possession of a firearm by a convicted felon, pursuant to State v. Crosby, 338 So.2d 584 (La.1976), and was sentenced to serve five years imprisonment at hard labor, without benefit of parole, probation or suspension of sentence with credit for time served and a five hundred dollar ($500.00) fine. From this conviction and sentence, he has appealed, alleging one assignment of error, as follows:
The trial court erred in denying defendant’s motion to suppress, based upon an alleged illegal search and seizure.
FACTS
On August 13, 1997, at approximately 3:45 a.m., Officer Judge McElroy and Officer Mike Hebert, of the Houma Police Department, observed the defendant walking down the street. Officer McElroy recognized the defendant, who was considered a suspect in an armed robbery, which had occurred a week earlier. When the officers approached the defendant, asking to speak with him, he refused, and began backing up. Officer McElroy then stopped the defendant, and patted down his outer clothes. He felt a large object that appeared to be a weapon in his front pants *216 pocket. For his own safety, Officer McEl-roy handcuffed the defendant, reached into defendant’s pocket and found a .32 caliber Smith and Wesson. The defendant was arrested for illegal possession of a weapon, and eventually was charged with illegal possession of a weapon by a convicted felon.

ASSIGNMENT OF ERROR NO. 1:

In this assignment of error, the defendant argues that the evidence should have been suppressed as having resulted from a warrantless “pat down” search and seizure, 'which did not fall under any recognized exception to the warrant requirement.
laThe Louisiana “stop and frisk” statute provides for investigatory stops and “pat down” searches of the sort in question herein. Louisiana Code of Criminal Procedure article 215.1 provides, in pertinent part:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
The constitutional basis for the principles of the Louisiana “stop and frisk” statute were set forth in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). That case, and those that followed, established that the constitution permits a police officer to investigate possible felonious criminal behavior by temporarily stopping and questioning a suspect where there is reasonable cause to believe that a crime has been or is about to be committed. Such a “stop” can be effected even though there is not sufficient probable cause to subject the suspect to a full custodial arrest. Further, a police officer has the right to conduct a limited “frisk” for weapons after making the investigatory stop when he has drawn a specific reasonable inference from facts and experience that he is dealing with an armed and dangerous individual. State v. Wade, 390 So.2d 1309, 1311 (La.1980), cert. denied, 451 U.S. 989, 101 S.Ct. 2326, 68 L.Ed.2d 848 (1981).
Reasonable cause to justify a lawful investigatory stop does not automatically justify a frisk for weapons. Criminality and weaponry are neither synonymous nor mutually inclusive. However, in many instances, the circumstances that justify the stop also warrant the frisk. State v. Rodriguez, 476 So.2d 994, 997 (La.App. 1 Cir. 1985).
In making a brief investigatory stop on less than probable cause to arrest, the police “must have a particularized and objective basis for suspecting the Lparticular person stopped of criminal activity”. State v. Huntley, 97-0965, p. 2-3 (La.3/13/98), 708 So.2d 1048, 1049, citing State v. Kalie, 96-2650, p. 3 (La.9/19/97), 699 So.2d 879, 881 and United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). However, that particularized suspicion need have only some minimal level of objective justification. United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989); State v. Johnson, 98-0264, p. 4 (La.App. 1 Cir. 12/28/98), 728 So.2d 885, 886.
The reviewing court must take into account the totality of the circumstances, giving deference to the inferences and deductions of a trained police officer, not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. State v. Huntley, 97-0965 at 3, 708 So.2d at 1049.
*217 In the instant case, the police officers were aware that the defendant was a suspect in an armed robbery, which had occurred earlier. The defendant was well known to the officers. They observed him on the street at 3:45 a.m. in a high crime location. When the officers attempted to question the defendant concerning the armed robbery, he demonstrated extreme nervousness and began to retreat. These factors raised a reasonable suspicion, which justified an investigatory stop of the defendant. Significant weight has been given to evasive conduct in response to police presence in high crime areas. Given this, and the possible involvement of the defendant in an armed robbery, the police had particularized, articulable circumstances that justified a self-protective frisk for weapons accompanying a lawful stop. See State v. Huntley, 97-0965 at 3-4, 708 So.2d at 1050, and cases cited therein.
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.