STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-98

STATE OF LOUISIANA

VERSUS

JOHNATHAN L. PROSEN

************

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. 1094-2007
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

AFFIRMED.

David W. Burton
District Attorney
James R. Lestage
Assistant District Attorney
Post Office Box 99
DeRidder, Louisiana 70634
(337) 463-5578
Counsel for:
        State of Louisiana

Mitchel M. Evans, II
Attorney at Law
416 North Pine Street
DeRidder, Louisiana 70634
(337) 462-5225
Counsel for Defendant/Appellant:
        Johnathan L. Prosen

**SULLIVAN, Judge.**

Defendant, Johnathan L. Prosen, was charged by Bill of Information with possession of a controlled dangerous substance, Schedule II, methamphetamine, a violation of La.R.S. 40:967(C); possession of a controlled dangerous substance, Schedule II, cocaine, a violation of La.R.S. 40:967(C); and the illegal carrying of weapons, a violation of La.R.S. 14:95(E). At his arraignment, Defendant entered a plea of not guilty to all charges. On June 9, 2008, Defendant filed a Motion to Suppress Evidence. Following testimony and arguments, Defendant's motion was denied in open court. On September 12, 2008, Defendant pled guilty to one count of possession of methamphetamine, in accordance with *State v. Crosby*, 338 So.2d 584 (La.1976), reserving the right to appeal the denial of his motion to suppress.[1] The remaining two counts against him were dismissed. After Defendant agreed to waive the applicable time delays, the trial court sentenced him to three years at hard labor, suspended. He was placed on three years of supervised probation with special conditions imposed, including payment of a fine of $1,500.00, plus court costs and fees; completion of a substance abuse evaluation and submission to random drug and alcohol screenings; and service of ninety days in the parish jail prior to imposition of sentence. Execution of the sentence was delayed pending appeal.

Defendant argues on appeal that the trial court erred when it denied his motion to suppress the evidence. For the following reasons, we find no error in the trial court's ruling, and, thus, we affirm Defendant's conviction and sentence.

---

[1]Defendant applied for supervisory writ of review of the denial of his motion to suppress. This court denied the writ on the basis that the proper mode of review was appeal rather than supervisory writ. Nevertheless, we considered his timely filed notice of intent as a timely filed motion for appeal, and remanded the matter to the trial court to allow him to comply with the provisions regarding appeals. See *State v. Prosen*, an unpublished writ bearing docket number 08-1258 (La.App. 3 Cir. 10/28/08).

## FACTS

On September 25, 2006, Detective Craig R. Richard, a lieutenant with the DeRidder City Police Department, assigned to the Beauregard/DeRidder Narcotic Task Force, received an anonymous letter stating that Defendant and his wife, Rejena Prosen, who lived with their three children, "use[d] meth and smoke[d] weed on a daily basis." The letter suggested that the Prosens were distributing drugs from their home. Detective Richard, together with another detective and two uniformed officers, went to the address indicated in the letter. Mrs. Prosen answered their knock at the door, stepped outside, and closed the door behind her. The officers showed her the letter, which she then read. She told the officers that the allegations contained in the letter were not true. The officers detected a strong odor of marijuana and asked Mrs. Prosen if she had been smoking. She replied that she had just smoked a marijuana cigarette with a friend. The officers asked for permission to enter the house, which Mrs. Prosen granted. She showed them the marijuana that she had in her bedroom and signed a consent form allowing them to search the house. The subsequent search located marijuana, methamphetamine, cocaine, and handguns. Defendant arrived home during the search.[2]

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, there are no errors patent.

---

[2]Defendant and his wife, Rejena Prosen, were charged together under the same lower court docket number. They filed a joint motion to suppress the evidence. The testimony submitted and the trial court's denial of the motion pertained to both Defendant and his wife. They pled guilty to the same offense at the same time, were sentenced together, and received the same sentence. Rejena Prosen has filed an appeal under docket number 09-97, and her appellate brief is identical to the brief filed by Defendant in this appeal.

## ASSIGNMENT OF ERROR

Defendant alleges in his sole assignment of error that "the State failed to demonstrate the presence of facts which would establish reasonable suspicion that Appellants were involved in criminal activity." Defendant argues that if the officers indeed suspected criminal activity as alleged in the letter, they should have set up a surveillance or attempted to establish reasonable suspicion in some other manner. According to Defendant, "the sole issue presented . . . is whether the information provided by the anonymous informant was sufficient to generate reasonable suspicion for the investigatory detention of Defendants." He submits that because the State failed to establish reasonable suspicion, the search and seizure violated his Fourth Amendment right to be free from search and seizure in one's home, and the trial court should have suppressed the narcotics seized.

The State counters that the officers went to the Prosens' home simply to investigate the allegations contained in the anonymous letter. Once there, the officers smelled marijuana, which gave them probable cause to search the residence. The State submits that, although not necessary, the officers went further and obtained a voluntary consent to search from Mrs. Prosen before searching the Prosen residence. As such, the State contends that the evidence against the Prosens was constitutionally obtained, and the trial court did not err in denying the motion to suppress.

## DISCUSSION

The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution protect persons against unreasonable searches and seizures. A defendant adversely affected may move to suppress any evidence from use at the trial on the merits on the ground that it was unconstitutionally obtained. La.Code Crim. P. art. 703(A). The State has the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant. Article 703(D). The court's ruling on a

3

motion to suppress the evidence is entitled to great weight, because the court had the opportunity to observe the witnesses and weigh the credibility of their testimony. *State v. Jones,* 01-0908, p. 4 (La.App. 1 Cir. 11/8/02), 835 So.2d 703, 706.

*State v. Jarrell*, 07-1720, pp. 3-4 (La.App. 1 Cir. 9/12/08), 994 So.2d 620, 625.

In *State v. Stephens,* 40,343, p. 9 (La.App. 2 Cir. 12/14/05), 917 So.2d 667, 674, *writ denied,* 06-441 (La. 9/22/06), 937 So.2d 376, the second circuit stated:

> The curtilage of a home, that "area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life," is considered part of the home itself and is therefore afforded Fourth Amendment protection. *State v. Brisban,* 00-3437 (La.2/26/02), 809 So.2d 923. The front porch of a private residence falls within the curtilage of the home and is therefore accorded Fourth Amendment protection. *Id.* However, because of "an almost implicit understanding and custom in this country that, in the absence of signs or warning, a residence may be approached and occupants summoned to the door by knocking," the front porch does not enjoy the same measure of Fourth Amendment protection as the home. *Id.* The police have the same right as other members of the public to approach the doorway of a home and see what was exposed by the owner to the view of the general populace. *State v. Deary*, 99-0627 (La.1/28/00), 753 So.2d 200.

In *Jarrell*, the police went to a home based on a complaint of drug activity called into the police hotline. They knocked on the door and asked the woman who opened the door if they could speak with her. She invited them in. Jarrell was inside the trailer and told the police there was marijuana on the premises. The officers asked for permission to search. They explained the consent-to-search form and advised Jarrell and the woman that they had the right to refuse. Jarrell signed the consent form. He later argued on appeal that the "knock and talk" procedure employed by the police was a prohibited search under the Fourth Amendment. The first circuit disagreed and opined:

> There is a clear distinction between the police detaining a suspect on the street as authorized by Article 215.1 of the Code of Criminal Procedure and the police knocking on a suspect's door. When stopped on the street, a suspect has no choice but to submit to the authority of the

4

> police. When the door is opened in response to a knock, it is the consent of the occupant to confront the caller. There is no compulsion, force or coercion involved in the latter situation. *State v. Sanders,* 374 So.2d 1186, 1188 (La.1979). A search conducted pursuant to consent is an exception to the requirements of both warrant and probable cause. *State v. Johnson,* 98-0264, p. 5 (La.App. 1 Cir. 12/28/98), 728 So.2d 885, 887.

*Id.* at 626.

In *State v. Lewis*, 07-1183, p. 10 (La.App. 3 Cir. 4/2/08), 980 So.2d 251, 258, we noted that "[t]he Louisiana Supreme Court has long recognized that detecting marijuana by smell does not constitute a search and, thus, there is no reasonable expectation of privacy from a lawfully positioned officer with an inquisitive nose." Similarly, the second circuit held that when a police officer who lawfully approached a house "detected the odor of marijuana emanating from inside the residence and saw that there were people inside the residence who could hide or destroy the suspected contraband," the officer had "probable cause coupled with exigent circumstances to justify the search" of the residence without a warrant. *State v. Wallace,* 41,837, p. 4 (La.App. 2 Cir. 1/31/07), 950 So.2d 135, 138.

In the current case, the officers were legally positioned, having gone to the Prosens' house to inform them of the complaint and to ask them about it. There was no testimony that there were "no trespassing" signs or warning signs on the property or that the officers forced Mrs. Prosen to open the door. When the officers smelled the odor of burnt marijuana, they then had reasonable suspicion that Mrs. Prosen was involved in criminal activity, and the request to enter and search was legal. Furthermore, Mrs. Prosen voluntarily signed the consent to search form that was presented to her before the officers searched her home. Thus, the evidence obtained during the subsequent search was constitutionally obtained, and the trial court did not err in denying Defendant's motion to suppress that evidence.

## DECREE

There was no error in the trial court's denial of Defendant's motion to suppress the evidence. Accordingly, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**