NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1588

STATE OF LOUISIANA

VERSUS

CURTIS L. HALL

*Judgment Rendered:* JUL 2 4 2020

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 577425

The Honorable William H. Burris, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Prentice L. White<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Curtis L. Hall |
| Warren L. Montgomery<br>District Attorney<br>J. Bryant Clark, Jr.<br>Assistant District Attorney<br>Covington, Louisiana | Counsel for Appellee<br>State of Louisiana |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

**THERIOT, J.**

The defendant, Curtis L. Hall, was charged by bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. He pled not guilty. The defendant filed a motion to suppress evidence, a hearing was held on the matter, and the motion to suppress was denied. Following a jury trial, the defendant was found guilty as charged. The defendant filed a motion for postverdict judgment of acquittal, which was denied. The State filed a habitual offender bill of information.[1] In exchange for a "double bill" and an agreed upon sentence, the defendant admitted to a prior conviction and stipulated as to his identity. The trial court adjudicated the defendant a second-felony habitual offender and sentenced him to twenty years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals, designating two assignments of error. We affirm the conviction, habitual offender adjudication, and sentence.

## FACTS

On June 10, 2016, Slidell Police Department Officer Bradley Peck conducted a traffic stop on the defendant, who was blocking traffic flow in the middle of an intersection in Slidell. The defendant was driving a Buick LaCrosse rental vehicle.[2] When the defendant pulled over, Officer Peck observed the driver making furtive movements toward the center console area. When Officer Peck approached the Buick, he noticed a strong odor of marijuana emanating from the vehicle. The defendant did not have a driver's license. The defendant was asked to exit the vehicle. As he got out, the defendant tried to lock and shut the driver's

---

[1] The habitual offender bill of information indicated the defendant had prior convictions for possession of a firearm by a convicted felon, possession with intent to distribute cocaine, crime against nature, distribution of cocaine, aggravated battery, and possession of cocaine.

[2] At the pretrial motion to suppress hearing, the defendant testified that a lady who came to his house let him borrow her rental car. Jan Marie Homrich (sometimes spelled "Homerich" in the record) rented the vehicle, using her boyfriend's name and credit card, from Enterprise Rent-A-Car. Homrich was subpoenaed as a trial witness, but failed to appear for trial.

door, which Officer Peck prevented. Officer Peck detained the defendant and placed him in the back of his unit. Officer Peck returned to the Buick and saw a firearm between the driver's side seat and the center console. Officer Peck retrieved the semi-automatic pistol, which was loaded and had a round in the chamber. Officer Peck confirmed the defendant was a convicted felon and arrested him for possessing a firearm.

The defendant did not testify at trial.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues that the trial court erred in sentencing him without ruling on his motion for postverdict judgment of acquittal.

Louisiana Code of Criminal Procedure article 821(A) provides that "[a] motion for a post verdict judgment of acquittal must be made and disposed of before sentence." Louisiana Code of Criminal Procedure article 873 requires at least a twenty-four hour delay between denial of such a post-trial motion and sentencing unless the defendant expressly waives the required delay. **State v. Gardner**, 2016-0192 (La. App. 1st Cir. 9/19/16), 204 So.3d 265, 270. The record before us indicates the defendant was found guilty on December 5, 2018. The defendant's motion for postverdict judgment of acquittal was filed on December 26, 2018 and denied by the trial court on January 4, 2019. The defendant was sentenced on August 20, 2019.

This assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, the defendant argues that the trial court erred in denying the motion to suppress the evidence seized from the vehicle.

3

Specifically, the defendant contends that Officer Peck did not have probable cause to search the vehicle.[3]

Trial courts are vested with great discretion when ruling on a motion to suppress. **State v. Long**, 2003-2592 (La. 9/9/04), 884 So.2d 1176, 1179, cert. denied, 544 U.S. 977, 125 S.Ct. 1860, 161 L.Ed.2d 728 (2005). When a trial court denies a motion to suppress, factual and credibility determinations should not be reversed in the absence of a clear abuse of the trial court's discretion, i.e., unless such ruling is not supported by the evidence. See **State v. Green**, 94-0887 (La. 5/22/95), 655 So.2d 272, 280-81. However, a trial court's legal findings are subject to a *de novo* standard of review. See **State v. Hunt**, 2009-1589 (La. 12/1/09), 25 So.3d 746, 751. Although not required to do so, an appellate court may review testimony adduced at trial, in addition to the testimony adduced at the suppression hearing, in determining the correctness of the trial court's ruling on the motion to suppress. **State v. Leger**, 2005-0011 (La. 7/10/06), 936 So.2d 108, 122, cert. denied, 549 U.S. 1221, 127 S.Ct. 1279, 167 L.Ed.2d 100 (2007).

The Fourth Amendment to the United States Constitution and article I, § 5, of the Louisiana Constitution protect people against unreasonable searches and seizures. Subject only to a few well-established exceptions, a search or seizure conducted without a warrant issued upon probable cause is constitutionally prohibited. Once a defendant makes an initial showing that a warrantless search or seizure occurred, the burden of proof shifts to the State to affirmatively show it was justified under one of the narrow exceptions to the rule requiring a search warrant. See La. Code Crim. P. art. 703(D); **State v. Johnson**, 98-0264 (La. App. 1st Cir. 12/28/98), 728 So.2d 885, 886. Evidence derived from an unreasonable

---

[3] The defendant in brief labels this assignment of error as "Insufficiency of the Evidence (Suppression of Illegally Obtained Evidence)." The defendant herein addresses only the pretrial ruling of the seizure of the gun and, as such, the evidentiary argument in this assignment of error is one of suppression, not sufficiency.

stop, i.e., seizure, will be excluded from trial. **State v. Benjamin**, 97-3065 (La. 12/1/98), 722 So.2d 988, 989.

The defendant does not contest the validity of the traffic stop itself. The defendant argues in brief that the gun was confiscated from the vehicle without sufficient probable cause. While Officer Peck indicated there was a strong odor of marijuana coming from the vehicle, the defendant avers there was no evidence of marijuana on his person or in the vehicle other than Officer Peck's self-serving testimony. Thus, according to the defendant, the justification for the search was suspect since the alleged scent of marijuana coming from the vehicle could not have occurred as Officer Peck testified.

Officer Peck testified at the motion to suppress hearing that as he approached the vehicle that the defendant was driving, he noticed a strong smell of burnt marijuana coming from the vehicle. Officer Peck had previously been an undercover narcotics agent and was familiar with the odor of burning marijuana. At trial, Officer Peck testified he detected a very strong odor of burnt marijuana when he approached the vehicle.

The detection of a strong odor of marijuana emanating from the vehicle, viewed objectively, provided Officer Peck with probable cause to search the vehicle. See **State v. Arnold**, 2011-0626 (La. 4/27/11), 60 So.3d 599, 600 (per curiam); **State v. Mitchell**, 2010-334 (La. App. 5th Cir. 10/26/10), 52 So.3d 155, 160, writ denied, 2011-0355 (La. 12/2/11), 76 So.3d 1170 (noting that courts have consistently held that the odor of marijuana provided officers with sufficient probable cause to conduct warrantless searches of vehicles). Accordingly, had Officer Peck searched the vehicle, the seizure of the gun from the vehicle would have been proper pursuant to probable cause to believe that contraband was present.

That marijuana was not found in the vehicle or on the defendant is of no moment. The defendant could have earlier smoked marijuana or discarded it prior to being stopped. Moreover, Officer Peck testified at the motion to suppress hearing that after he had been transported to jail, the defendant was found to have a plastic baggie on his person that had been ripped up and smelled very strongly of marijuana.

At any rate, it appears from Officer Peck's testimony that he never searched the vehicle the defendant was driving. After detaining the defendant in the back of his unit, Officer Peck testified that he walked back toward the vehicle with the intention of searching it. The driver's side door was open and before he made entry into the vehicle to begin the search, Officer Peck saw the gun in the vehicle, in between the front seat and the center console. Officer Peck specifically testified at the motion to suppress hearing that he never searched the vehicle, but noticed the handgun in plain view.

Police may seize evidence under the "plain view" doctrine when there is prior justification for an intrusion into the protected area, and it is immediately apparent, without close inspection, that the item seized is evidence or contraband. See **Horton v. California**, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990); **Leger**, 936 So.2d at 155. Officer Peck had the right to stand outside of the vehicle. Based on his testimony, it is clear the firearm was obvious to him and it was immediately apparent it was evidence or contraband. Accordingly, the firearm was properly seized. See **State v. Parker**, 2010-1038 (La. App. 5th Cir. 6/14/11), 71 So.3d 383, 389; **State v. Barnes**, 2012-0615 (La. App. 1st Cir. 11/2/12), 2012 WL 5387692 at *6 (unpublished), writ denied, 2013-0634 (La. 8/30/13), 120 So.3d 264.

6

Based on the foregoing, we find the trial court did not err or abuse its discretion in denying the motion to suppress evidence. Accordingly, this assignment of error is without merit.

## CONCLUSION

For the reasons set forth herein, Curtis L. Hall's conviction, habitual offender adjudication, and sentence are affirmed. All costs of this appeal are assessed to appellant, Curtis L. Hall.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE AFFIRMED.**