No. 79–6242. JERNIGAN *v.* LOUISIANA. Sup. Ct. La. Certiorari denied.

MR. JUSTICE WHITE, with whom MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL join, dissenting.

The New Orleans, La., police received an anonymous telephone call informing them that a black male wearing a yellow shirt and blue pants and armed with a handgun could be found sitting in Sander's Bar. A radio dispatch went out, and Officer Williams proceeded to the bar. Of the 10 or 12 persons in the bar, petitioner was the only one wearing a yellow shirt and blue pants. Officer Williams approached petitioner, directed him to stand, and frisked him. The

officer detected a gun in petitioner's pants pocket; he removed a .38-caliber revolver and arrested petitioner who was charged with violation of Louisiana law by possession of a firearm after having been previously convicted of a felony.

In sustaining the trial court's denial of petitioner's motion to suppress the gun as illegally seized, the Louisiana Supreme Court noted that the Fourth Amendment would render the evidence inadmissible if the officer did not have sufficient knowledge of facts and circumstances to amount to reasonable cause for an investigatory detention. The court also noted that *Adams* v. *Williams,* 407 U. S. 143 (1972), recognized that an informer's tip can provide a police officer with reasonable cause to detain and question a suspect. But the court noted further the difference between this case and *Adams,* for the narrow issue presented here was whether an informer's tip could provide reasonable cause if the tip was anonymous. According to the court, if the information received from the anonymous tipster carried enough indicia of reliability, such as specificity of the information and corroboration by independent police work, the anonymous tip was sufficient. Moreover, prompt police action was justified where the information would indicate an immediate and real danger to the public.

We have not directly decided whether an anonymous tip may furnish reasonable suspicion for a stop and frisk. We have emphasized the specificity of the information provided, the independent corroboration by the police officer, and the danger to the public. See, *e. g., Adams, supra; Draper* v. *United States,* 358 U. S. 307 (1959). But in the decided cases, these factors were not the only indicia of reliability. The informers in *Adams* and *Draper* were known to the officer and were known to have provided reliable information in the past. The same cannot be said of an anonymous tipster.

Arguably, the decision of the Louisiana Supreme Court is inconsistent with our prior cases which require that reason-

able suspicion be based on a sufficiently reliable informer's tip. I would grant certiorari for this reason and also because the reliability of an anonymous or unidentified tipster is an issue that has divided the Federal Courts of Appeals. Compare *United States* v. *McLeroy,* 584 F. 2d 746 (CA5 1978), and *United States* v. *Robinson,* 536 F. 2d 1298 (CA9 1976) (no reasonable suspicion), with *United States* v. *Hernandez,* 486 F. 2d 614 (CA7 1973) (*per curiam*) (reasonable suspicion), cert. denied, 415 U. S. 959 (1974). See also *United States* v. *Gorin,* 564 F. 2d 159 (CA4 1977), cert. denied, 434 U. S. 1080 (1978), and *United States* v. *Unverzagt,* 424 F. 2d 396 (CA8 1970) (identity of informer known but no proof of his reliability; reasonable suspicion found). The state courts are similarly divided. Accordingly, I dissent from the denial of certiorari.