DENNIS, Justice,
dissenting.
I dissent both from the denial of this writ and from the reasons given for the denial. This writ application raises a serious question of law and the defendant should not be forced to trial if there is already reversible error in the proceedings. In this case evidence was obtained as an incident of an arrest for carrying a concealed weapon. Therefore, the question is whether the arrest was valid, which depends upon whether the police officer had probable cause to arrest the defendant. From the record before us, it appears that the officer knew only that an anonymous tipster said the defendant was carrying a concealed weapon (according to a message received by radio), the defendant who was sitting on the passenger side with the door open “leaned forward” just when the officer was exiting his vehicle, and a short while later the officer saw a revolver sitting on the floor of the same vehicle. The denial of writs in this matter closes the court’s eyes to a serious question, extends an already dubious extension of the Terry doctrine that was made in State v. Jernigan, 377 So.2d 1222 (La.1979) and State v. Bolden, 380 So.2d 40 (La.1980), see Jernigan v. Louisiana, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980) (White, J., dissenting), and confuses what is merely a reasonable suspicion for probable cause.