544 So.2d 1305 (1989)
STATE of Louisiana
v.
Willie SANDIFER and Willie Trackling.
STATE of Louisiana
v.
Willie R. SANDIFER.
STATE of Louisiana
v.
Willie R. SANDIFER and Robert Sandifer.
STATE of Louisiana
v.
Robert SANDIFER.
Nos. KA-9003, 88-KA-0357, 88-KA-0358 and 88-KA-1363.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1989.
*1306 Dwight Doskey, Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant Robert Sandifer.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant Willie Trackling.
Scott Gardner, Elizabeth W. Cole, Tulane Law Clinic, New Orleans, for appellant Willie Sandifer.
Harry F. Connick, Dist. Atty., Sandra Pettle, Asst. Dist. Atty., Brian T. Treacy, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, C.J., and LOBRANO and WARD, JJ.
LOBRANO, Judge.
This case involved a series of armed robberies perpetrated by the defendants herein.
In case No. 317-836, defendants, Willie Sandifer, Willie Trackling, Robert Sandifer and Willie Stevenson, were charged by bill of information with four counts of armed robbery occurring on December 10, 1986 at Ernest's Bar, a violation of La.R.S. 14:64. All defendants pled not guilty at their arraignments.[1] Trial was held on July 16, 1987 against Willie Sandifer and Willie Trackling. On July 17, 1987, the jury found both Sandifer and Trackling guilty as charged on all counts. On August 3, 1987, Sandifer was sentenced to seventy-five (75) years at hard labor on each count without benefit of parole and with credit for time served, the sentences to run concurrently. *1307 Trackling was sentenced to twenty-five (25) years at hard labor on each count without benefit of parole and with credit for time served, the sentences to run concurrently.
In case No. 321-019, defendants, Willie Trackling, Robert Sandifer and Willie Sandifer were charged by bill of information with eleven counts of armed robbery which occurred at Washington's Bar on November 30, 1986, violations of La.R.S. 14:64. At their arraignments all three defendants pled not guilty. Trial was held on September 16, 17 and 18, 1987 on counts 1 thru 10. Counts 3, 6 and 11 were severed. The jury found Willie Trackling not guilty on all counts. Willie Sandifer and Robert Sandifer were found guilty on all counts.
On October 27, 1987, Willie Sandifer was sentenced to seventy-five years (75) at hard labor on each count without benefit of parole and with credit for time served, sentences to run concurrently. Robert Sandifer was sentenced to thirty-five (35) years at hard labor on each count without benefit of parole and with credit for time served, sentences to run concurrently.
In case No. 317-946, Willie Sandifer and Willie White were charged by bill of information with five counts of armed robbery which occurred at Ronnie Joe's Bar on December 5, 1986, violations of La.R.S. 14:64. Both defendants pled not guilty at their arraignment. On October 27, 1987, the trial court granted White's motion to sever. Trial then proceeded against Sandifer. On October 28, 1987, the jury found Sandifer guilty as charged on three counts and not guilty on one count. One count was nolle prosequied.
Sandifer was sentenced on December 3, 1987 to seventy-five (75) years at hard labor on each count with credit for time servedsentences to run concurrently.
In case No. 317-951, Robert Sandifer was charged by bill of information with being a convicted felon in possession of a firearm, a violation of La.R.S. 14:95.1. At his arraignment he pled not guilty. Following a judge trial he was found guilty as charged. He was sentenced to five years at hard labor without benefit of parole and with credit for time served.
FACTS:
The facts surrounding the various robberies for which defendants were convicted are as follows:
WASHINGTON'S BAR
On November 30, 1986 at approximately 7:30 p.m., a black male, later identified as Robert Sandifer, entered Washington's Bar located at 2607 Lafitte Street in New Orleans. He proceeded to use the men's room and then exited the bar. He immediately re-entered the bar accompanied by two other black males. One of the trio, later identified as Willie Sandifer, held a gun and ordered everyone to "hit the floor." He then went behind the bar and ordered the barmaid to empty the cash register. The third man then approached each patron and took their money and jewelry. The three men then left the bar. The barmaid called the police.
RONNIE JOE'S BAR
On December 5, 1986, at approximately 5:30 p.m., a black male entered Ronnie Joe's Bar located at 1731 Bienville Street in New Orleans. He proceeded to use the men's room and then exited the bar. He immediately re-entered the bar accompanied by two other black males. One of the men, later identified as Willie Sandifer, held a gun and ordered the patrons to "hit the floor". He then went behind the bar with the barmaid and removed the money from the cash register. He then followed the barmaid to a back room and took money that was kept there. The three men then took money and jewelry from the bar patrons and fled. The police were summoned.
ERNEST'S BAR
On December 10, 1986, during an investigation into several armed robberies which occurred at the Jewel Box Bar, Detective Herman Cade and several other police officers learned from one of the victims that Willie Stevenson, a former classmate of the victim, was one of the armed robbers. The Jewel Box Bar robberies were carried out in a similar manner to those at Washington's *1308 Bar and Ronnie Joe's Bar. As a result of that information, the officers put together a photo line up and brought it to the witness at his place of employment. The witness positively identified Willie Stevenson as one of the men who robbed him. The officers then obtained an arrest warrant for Stevenson.
The officers went to the Florida and Desire projects in search of Stevenson. During this search, Detective Cade was brought to an informant who knew of Stevenson's whereabouts. Cade told the informant that Stevenson was wanted for armed robbery. The informant then told Cade the other robbers were Willie Sandifer, Willie Trackling, Robert Sandifer and someone named "Jo Jo". The informant described Willie Sandifer as the "fat guy". He informed Cade that these men "hung out" with Stevenson at Sonny's Bar and Pool Hall located at the corner of Desire and Law Streets. Later that night, and based on the informant's information, Cade and several other officers set up a surveillance of Sonny's Bar and Pool Hall. During the surveillance, the officers heard over the police radio that five black males had just robbed Ernest's Bar in the 1600 block of Galvez Street.
Between 7:00 and 7:30 p.m., two black males entered Ernest's Bar. They ordered a few beers. They then moved in and out and around the bar. Ms. Mary Scears, the barmaid was warned by James Lawhorn, a frequent patron, that several suspicious men were loitering outside. Ms. Scears locked the door (patrons could leave the bar but could only re-enter when the barmaid pressed a buzzer). One of the subjects inside left the bar. He re-entered the bar when the barmaid buzzed the lock to allow another patron, Robert Smith, to enter. The subject then attempted to open the door to allow the men outside entry. Ms. Scears refused to let them inside. At this point, Willie Trackling stuck a gun in Robert Smith's face and ordered Smith to turn over his wallet and his car keys. Willie Sandifer, also brandishing a gun, went behind the bar and ordered the barmaid to turn over the money in the cash register. He then ordered the patrons to place their valuables on the bar. The robbers took the patrons' belongings and fled in Smith's car.
ARREST OF ROBERT AND WILLIE SANDIFER:
After hearing of the Ernest Bar robbery, Detective Cade was contacted on his police phone by the informant. The informant stated that the men would be at Sonny's Bar later that night and for Cade to remain there. Approximately two hours later, Cade received another call from the informant who stated that Willie Sandifer was now inside the bar and that Robert Sandifer had just left the bar and was walking down Law street toward Congress Street. Cade instructed two of the officers to stop Robert Sandifer for questioning. The officers approached Sandifer, identified themselves as police officers, placed his hands on the car and frisked him. They found he was carrying a revolver. He was then placed under arrest.
At the same time, Detectives Cade and Rodriguez entered Sonny's Bar. Cade saw Willie Sandifer. They identified themselves as police officers. Cade then crawled under the bar and as he was exiting thru the other side, Willie Sandifer removed a hand gun from his jacket. While attempting to discard the gun he struck Cade in the face. As Willie Sandifer placed his hand again in his jacket where he had a second gun hidden, Cade drew his gun and placed Willie Sandifer under arrest. Defendant was advised of his Miranda rights and then transported to the robbery division where he made several oral statements implicating the other defendants in the various robberies.
Willie Trackling was subsequently arrested at his home in the Florida projects. A hand gun was confiscated at the time of his arrest.
Willie Stevenson was subsequently arrested in Hattiesburg, Mississippi where he fled in Robert Smith's stolen car.
On December 27, 1986, a physical line up was held. Victims of the various robberies positively identified the defendants as the men who robbed them.
*1309 Defendants, Willie Sandifer, Robert Sandifer and Willie Trackling appeal their convictions and sentences asserting the following assignment of errors:
WILLIE SANDIFER ASSERTS:
1) The trial court erred in finding that probable cause existed for his arrest at Sonny's Bar and consequently should have granted the motion to suppress the confession, evidence and physical line up;
WILLIE TRACKLING ASSERTS:
2) The trial court erred in finding there was probable cause to arrest Willie Sandifer. From this illegal arrest, the police obtained evidence implicating Willie Trackling which included the weapon seized from his residence at the time of his arrest and the identifications made at the physical line up. As fruits of the poisonous tree, Trackling asserts this evidence should have been excluded at trial.
ROBERT SANDIFER ASSERTS:
3) That his conviction as a convicted felon in possession of a firearm should be reversed as there was no probable cause to arrest him outside Sonny's Bar. He also asks for an errors patent review in 321-019 (armed robbery conviction).
ASSIGNMENTS OF ERROR 1 AND 2:
Willie Sandifer and Willie Trackling assert that the reliability and veracity of the "informant" who gave their names and whereabouts to Detective Cade was not sufficiently proven to show probable cause to arrest Willie Sandifer. They specifically emphasize the fact that the informant had never given information to the police before so as to show "reliability" and "trustworthiness".
The Fourth Amendment to the constitution protects citizens from unreasonable searches and seizures.
La.Code of Criminal Procedure Article 215.1 recognizes the right of a law enforcement officer to temporarily detain and interrogate a person whom he reasonably suspects is committing, has committed, or is about to commit a crime. See also, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). An anonymous informant can provide the basis for an officer to detain and interrogate someone suspected of a crime as long as the information received from the anonymous tipster carries an indicia of reliability, such as specificity of information and corroboration by independent police work. State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, Jernigan v. Louisiana, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980). In addition, where the information, if correct, presents an immediate and real danger to the public, prompt police action is justified to prevent serious harm. State v. Jernigan, supra. The totality of the circumstances, i.e., "the whole picture", must be considered in determining the reasonableness of the interrogation. State v. Belton, 441 So.2d 1195 (La.1983) cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Price, 482 So.2d 135 (La.App. 4th Cir.1986).
In the instant case, the informant knew all the names of the robbers as well as the fact that they were headed for Sonny's Bar following the Ernest Bar robbery. During the stakeout of Sonny's Bar which was the same night the informant gave them the tip, the officer received further information from the tipster not to leave the stake-out as the defendants would arrive there. Still later, the informant contacted Detective Cade again to inform him that Willie Sandifer was inside the bar. While still on the police phone with Cade, the informant saw Robert Sandifer leave the bar. He informed Cade of this and gave a height, weight and clothing description of Robert Sandifer to Cade. Based on this information, Robert Sandifer was stopped, frisked and arrested after a gun was found on his person. As the arrest of Robert Sandifer was taking place, Cade entered the bar and immediately saw Willie Sandifer. At that point, based on the informant's "up to the minute" tip, Cade had reasonable cause to detain and question Willie Sandifer. However, before Cade could question him, defendant removed a gun from his jacket and while attempting to dispose of it struck Cade in the face. *1310 Once this occurred, Cade had probable cause to arrest defendant for carrying a concealed weapon and for battery. La.C. Cr.P. Art. 213(1).
Thus, probable cause existed to arrest Willie Sandifer. The evidence obtained as a result of that arrest was admissible, including Sandifer's implication of Trackling in the robberies.
Willie Trackling further asserts that the trial court erred in admitting into evidence the .22 caliber hand gun found at his residence at the time of his arrest. He argues that the state did not lay a proper foundation for its introduction because no link was made between the gun and the robberies. Trackling claims that introduction of the gun was prejudicial because it portrayed him as a "bad man". While it is true that there was no evidence to show the gun was used by Trackling in the robbery, we determine its introduction was harmless error. State v. Landry, 388 So.2d 699 (La.1980), cert. denied, Landry v. Louisiana, 450 U.S. 968, 101 S.Ct. 1487, 67 L.Ed.2d 618 (1981). Witnesses at trial positively identified Trackling as one of the robbers of Ernest's Bar. Robert Smith testified that Trackling held a gun to his head and demanded the keys to his car. There is no doubt that the jurors would have found that Trackling was one of the perpetrators of the robbery irrespective of the introduction of the gun.
These assignments of error are without merit.
ASSIGNMENT OF ERROR 3:
Robert Sandifer asserts that his conviction should be reversed because there was no probable cause for his arrest. Robert Sandifer was described in detail by the informant moments after he left the bar. Information had already been given to the officers that Robert Sandifer was one of the robbers. Thus, for the same reasons enunciated in assignments of error 1 and 2, the officers had reasonable cause to make an investigatory stop of defendant. Once a lawful stop has been made, an officer is justified in frisking the suspect for weapons when he reasonably suspects his life is in danger. State v. Jernigan, supra; State v. Price, supra.
Thus, the stop and frisk of Robert Sandifer was justified. Once the police found him in possession of a weapon, they had probable cause to arrest defendant.
This assignment of error is without merit.
ERRORS PATENT
We have reviewed Robert Sandifer's conviction in case No. 321-019 for errors patent and have found none.
For the foregoing reasons, defendants' convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] On July 2, 1987, Willie Stevenson withdrew his former plea of not guilty and entered a plea of guilty as charged on all counts. He was sentenced to thirteen years (13) at hard labor on each count without benefit of parole and with credit for time servedsentences to run concurrently.

On July 16, 1987, the trial court granted Robert Sandifer's motion to sever.