738 So.2d 1212 (1999)
STATE of Louisiana, Appellee,
v.
Jim Alan LEWIS, Appellant.
No. 32,211-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
*1213 Louisiana Appellate Project by Peggy J. Sullivan, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Robert W. Levy, District Attorney, John F.K. Belton, Assistant District Attorney, Counsel for Appellee.
Before GASKINS, PEATROSS & KOSTELKA, JJ.
PEATROSS, J.
Defendant, Jim Alan Lewis, was charged with driving while intoxicated (DWI), fourth offense, in violation of La. R.S. 14:98. Pursuant to a plea agreement with the State, Defendant pled guilty as charged to one count of DWI fourth offense and received an agreed sentence of ten years at hard labor without benefit of parole, probation or suspension of sentence and the mandatory fine of $5,000. Defendant filed a motion to suppress any and all evidence, including, but not limited to, the results of any field sobriety tests, breath tests or any refusal thereof, contending that the stop of his vehicle by the officer was illegal and made without reasonable cause. The trial court denied Defendant's motion. Defendant reserved his right to appeal the denial of his motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). It is the denial of the motion to suppress which is the subject of this appeal. Since we find that the trial court properly denied Defendant's motion to suppress, Defendant's conviction and sentence are affirmed.

BACKGROUND
The State charged that on March 12, 1997, Defendant drove while intoxicated and that he had prior convictions for DWI in March 1994, May 1996 and July 1996. One of those convictions was for DWI fourth offense. The most recent traffic stop occurred after an anonymous tip notified the Ruston Police Department that an individual driving an older model Ford pickup was driving the wrong way on Trenton Street, a one-way street. Shortly after receiving the information, Officer Jay Alexander observed a Ford pickup, matching the description given by the anonymous caller, entering the interstate. Officer Alexander positioned his patrol car behind the pickup and, after noticing that one of the taillights was broken, conducted a routine traffic stop of the vehicle. Defendant was the driver of the pickup. Defendant exited the truck and Officer *1214 Alexander detected an odor of alcohol. As a result of the stop, Defendant was arrested for DWI.
Defendant moved to suppress all evidence obtained from the traffic stop which would include his breathilizer test results of .122. The trial court conducted a contradictory hearing on the motion to suppress and denied the motion. As previously stated, Defendant entered a Crosby plea to DWI fourth offense with an agreed sentence of ten years without benefit, plus a $5,000 fine.

DISCUSSION
On appeal, Defendant urges that the trial court erred in failing to grant his motion to suppress, contending that the traffic stop was made without reasonable cause. Defendant contends that reasonable cause was not provided by the anonymous tip to the police that a Ford pickup similar to Defendant's vehicle was being operated improperly or by Officer Alexander's observation that the vehicle had a broken tail lamp. We disagree.
The right of law enforcement officers to temporarily detain and interrogate persons reasonably suspected of criminal activity is well established. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Fauria, 393 So.2d 688 (La.1981); State v. Taylor, 363 So.2d 699 (La.1978); La.C.Cr.P. art. 215.1. The right to make an investigatory stop must be based on reasonable cause to believe that the suspect has been, is or is about to be engaged in criminal activity. State v. Washington, 621 So.2d 114 (La.App. 2d Cir.1993); State v. Patterson, 588 So.2d 392 (La.App. 4th Cir.1991); State v. Thibodeaux, 531 So.2d 284 (La.App. 3d Cir. 1987). Reasonable cause for an investigatory stop is something less than probable cause, but the officer must have "articulable knowledge" of particular facts which, in conjunction with reasonable inferences drawn therefrom, provide reasonable grounds to suspect the detainee of criminal activity. State v. Flowers, 441 So.2d 707 (La.1983), cert. denied, 466 U.S. 945, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); State v. Washington, supra; State v. Thibodeaux, supra; State v. Rodriguez, 396 So.2d 1312 (La.1981).
To assess the validity of an investigatory stop, the critical inquiry focuses on the officer's knowledge at the time of the stop. State v. Williams, 421 So.2d 874 (La.1982); State v. Wesley, 28,012 (La. App.2d Cir.4/3/96), 671 So.2d 1257.
In State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, Jernigan v. Louisiana, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980), an arrest grounded on an anonymous telephone tip was upheld. There, the New Orleans Police Department received an anonymous telephone tip that a described man at a described location in a bar was armed. A police officer went to the location, saw the man (defendant), frisked him and discovered a revolver. The court found that the tip adequately described the location and the suspect, the crime being investigated presented an immediate danger to the public and the officer had "sufficient knowledge of facts to justify the detention of defendant for questioning." Id.
This court followed Jernigan in State v. Harris, 506 So.2d 1274 (La.App. 2d Cir. 1987). In that case, an anonymous tip that the defendant would be carrying a large quantity of marijuana was corroborated to the extent possible and led to defendant's being stopped. His conviction for possession with intent to distribute was affirmed.
Also germane to the instant case is La. R.S. 32:53 which requires that any vehicle operated on any highway of this state be equipped with such lamps and other equipment, in proper condition, as required by law. La. R.S. 32:304 requires every motor vehicle to have at least one tail lamp mounted on the rear which, when lighted, "shall emit a red light plainly visible from a distance of one thousand feet to the rear."
In the case sub judice, Officer Alexander testified that he was on patrol duty on *1215 March 12, 1997. He came in contact with Defendant east bound on I-20 in Lincoln Parish at about 2:15 a.m. The police department had received an anonymous cell phone call that there was a vehicle going the wrong way across the interstate bridge (Trenton Street). Officer Alexander went to the location and saw a vehicle matching the description given.
Officer Alexander got behind the vehicle described and noticed that one of the taillights had a hole in it which allowed bright white light to show through. That was significant to him because, by law, the taillight is supposed to be red. This constituted a violation of Louisiana traffic laws and provided Officer Alexander reason to initiate a traffic stop.
Defendant got out of the car and Officer Alexander noticed a strong odor of alcoholic beverages emanating from Defendant's breath. Officer Alexander advised Defendant of his Miranda rights and performed standard field sobriety tests. Defendant failed the horizontal gaze nystagmus test, the walk and turn test and the one-leg stand. Officer Alexander administered a portable breath test. The results were.122. Officer Alexander then placed Defendant under arrest. Officer Alexander testified that he stopped Defendant because of the broken lens and that it was within his discretion not to charge Defendant with the equipment violation.
The trial court found that Officer Alexander placed himself at the scene due to the anonymous tip of a car traveling the wrong way on a one-way street which certainly gave him sufficient reason to investigate. The trial court reasoned that after placing himself in a position where he had a right to be, Officer Alexander saw the vehicle being driven in violation of the equipment requirements of the Louisiana Highway Regulatory Act. According to the trial court, Officer Alexander had reasonable cause to stop, detain and investigate further. Upon noticing the alcoholic odor, Officer Alexander was entitled to investigate further. The trial court properly ruled that the results of the field tests and the breath tests were admissible.

CONCLUSION
For the reasons stated herein, we conclude that the trial court properly denied Defendant's motion to suppress; and, therefore, Defendant's conviction and sentence are affirmed.
AFFIRMED.