LDALEY, Judge.
The defendant was charged with simple robbery in violation of R.S. 14:65. He pled not guilty at arraignment. He later withdrew his not guilty plea and pled guilty as charged pursuant to a plea agreement. He was sentenced to seven years imprisonment. On appeal, the defendant claims his guilty plea is invalid because during the plea colloquy, the trial judge failed to inform him of the maximum term of imprisonment and maximum fine that could be imposed for simple robbery.
LSA-C.Cr.P. art. 556.1 provides in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the | ^maximum possible penalty provided by law.
In the case before us, the record reflects that during the plea colloquy, the trial judge informed the defendant of his right *219 to trial by jury, his right to confront his accusers, and his right against self-incrimination. The defendant stated that he understood these rights. The trial judge then asked the defendant if he went over the Plea of Guilty form with his attorney. The defendant answered affirmatively. The Plea of Guilty form states that the maximum sentence which can be imposed for simple robbery is seven years imprisonment. The defendant then answered affirmatively that he signed this form.
In arguing the trial court’s failure to inform him of the maximum penalty for the crime to which he pled guilty, the defendant cites this Court’s opinion in State v. Ledet, 97-363 (La.App. 5 Cir. 10/28/97), 701 So.2d 1067. In Ledet, both the guilty plea form and the trial court stated fifty years imprisonment was the maximum sentence for the crime to which the defendant pled guilty. In reality, the actual maximum sentence was thirty years imprisonment. The defendant appealed claiming the guilty plea was invalid because he accepted the plea believing the twenty year sentence he received was less than half the maximum he could have received, and had he known the maximum sentence was only thirty years, he would not have pled guilty and accepted a twenty year sentence.
Ledet is easily distinguishable from the instant case. In the case before us, the defendant was not misinformed as to the possible maximum term of imprisonment. Rather, the trial judge did not inform the defendant of his possible exposure to pay a fine. The maximum sentence of seven years was written on the plea form; however, the form fails to include that the sentence may include a fine of not more than $3,000.00 dollars.
|4In State v. Halsell, 403 So.2d 688, 690 (La.1981), our Supreme Court stated: “[wjhile it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.” In Halsell, the Court determined that the defendant was adequately informed of his privilege against self-incrimination, even though the trial judge had not specifically informed defendant of this right during the colloquy. The record contained a written Waiver of Rights form signed by the defendant’s attorney stating that the attorney had informed the defendant of his right against self-incrimination and that counsel was satisfied that the defendant knowingly and voluntarily pled guilty. The Halsell court held that the trial judge had a right to rely upon this assertion by defense counsel, and went on to state:
Any other holding by this court would tend to undermine the relationship of trust that must necessarily exist between the bench and bar. Defense counsel was duty bound by the Canons of Ethics to give a full and honest disclosure of the facts essential to the guilty plea; he was forbidden to misrepresent the truth.
Id. at 690-692.
Before the trial judge commenced the Boykin colloquy in the instant case, he told the defendant to let him know if he did not understand anything or whether he needed additional time to converse with his attorney. The judge inquired of the defendant whether he had enough time to speak with his attorney before pleading guilty. The judge advised the defendant that he would impose a sentence of seven years at hard labor to run concurrently with any other sentence the defendant was serving, and he explained the elements of the offense of simple robbery. The trial judge then drew the defendant’s attention to the Waiver of Rights form and asked the defendant if he had examined it with his attorney. The defendant responded |fiaffirmatively, indicated that he had no questions about the form, and stated that he had signed the form. The waiver contains a certification by the defendant’s attorney that he had advised the defendant of, among other things, the “maximum sentence the court *220 could impose under the law.” The trial judge had a right to rely on this assertion. The record in this case shows that the defendant knew the consequences of his guilty plea, he knew the sentence he would receive, and he was aware of the maximum sentence for the crime of simple robbery. Given these factors, we conclude the trial judge’s failure to advise the defendant of the maximum fíne, which could be imposed in strict compliance with LSA-C.Cr.P. art. 556.1, is harmless. See State v. Mansion, 98-992 (La.App. 5 Cir. 4/17/99), 738 So.2d 1212.
This record was reviewed for errors patent pursuant to Code of Criminal Procedure Article 920, and none were noted. For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

AFFIRMED.