820 So.2d 1147 (2002)
STATE of Louisiana
v.
Gary JACKSON.
No. 02-KA-146.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
*1149 Paul D. Connick, Jr., District Attorney, Alan D. Alario, II, Terry Boudreaux, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Kyla Blanchard-Romanach, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
The defendant, Gary Jackson, entered a Crosby plea to a charge of possession of marijuana with intent to distribute. Pursuant to that plea, he seeks review of the trial court's denial of his Motion to Suppress. For the reasons which follow, we affirm.

FACTS:
At the suppression hearing Sergeant Bruce Harrison of the Jefferson Parish Sheriff's Office was qualified as an expert in narcotics. Sergeant Harrison testified that he received information from a confidential informant that on December 8, 2000, the defendant would leave his home around 5:30 p.m. driving a 1975 green Chevrolet Impala with license number IAT 141, and would deliver ten pounds of marijuana in the area of Veterans Boulevard and Cleary Avenue in Metairie. He also testified that the confidential informant had previously given information regarding narcotics transactions and was proven to be both credible and reliable.[1]
Based on this information, Harrison enlisted assistance and established surveillance of the defendant's residence on St. Andrew Street around 4:30 p.m. on December 8, 2000. According to Harrison, the defendant and Debra Moseley, along with another female who was not identified, exited the residence at approximately 5:35 p.m. The three entered the defendant's car and left. The defendant's car made two stops: one at a grocery store and the other at a gas station.
Harrison explained that when the defendant left the gas station, the officers lost surveillance of the vehicle while in traffic. He testified that, based on the informant's information, the police went to the area of Cleary Avenue and Veterans Boulevard, the place of the anticipated delivery. At approximately 6:10 p.m., Harrison observed the defendant's vehicle traveling north on Cleary Avenue toward Veterans Boulevard. Harrison stated that, at that time, the defendant and Moseley were the only individuals in the vehicle.
The defendant turned onto Baronne Street and parked in a laundromat that was one block from Cleary and Veterans. Passenger, Moseley, exited the vehicle and walked toward Veterans Boulevard. Harrison testified that the defendant was sitting and waiting in his vehicle, and that the defendant had parked his vehicle in a manner that he could pull straight out of the parking lot. According to Harrison, the officers decided to conduct an investigatory stop of the defendant's vehicle based on the verification of specific information provided by the confidential informant.
Harrison and his assistants approached the defendant's vehicle. Harrison testified that when he approached the passenger side of the vehicle, the front window was halfway down. He stated that he looked into the vehicle and asked the defendant to exit the car. Harrison testified that when *1150 he looked into the vehicle he observed a box on the back seat, and he detected the odor of raw marijuana. He testified that the top of the box was partially open. Harrison explained that the box was consistent in size that would contain ten pounds of marijuana. Sergeant Harrison also testified that in the box he observed some plastic bags containing what appeared to be vegetable matter.
The defendant was then arrested and the box was seized pursuant to that arrest. Harrison testified that the box contained ten plastic bags each containing approximately one pound of marijuana.
On cross-examination, Harrison admitted that the information from the confidential informant did not state that the defendant would be making stops that day. Harrison stated that neither the defendant, Moseley, nor the unidentified female was carrying anything when they exited the defendant's residence and entered the vehicle.
At the conclusion of the hearing, the trial court denied the defendant's Motion to Suppress the evidence without reasons.

LAW AND DISCUSSION:
The defendant contends that the trial court erred in denying the Motion to Suppress the evidence because, at the point the officers approached the defendant's vehicle at the laundromat, they did not have reasonable suspicion for an investigatory stop. The defendant argues that the officers lacked reasonable suspicion because they did not observe any illegal activity by the defendant, and the confidential informant's information did not predict that the defendant would make three stops, thus lacking the inside knowledge that would have made the information reliable. The State contends that the officers had reasonable suspicion because each the facts provided by the reliable informant was corroborated.
In a hearing on a Motion to Suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. LSA-C.Cr.P. art. 703D. The trial court's decision to deny a Motion to Suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 74, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
The right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1[2], as well as State and Federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
The right to make an investigatory stop and question the particular individual detained must be based upon reasonable suspicion to believe that he has been, is, or is about to be engaged in criminal activity. State v. Miskel, 95-584 (La.App. 5 Cir. 1/30/96), 668 So.2d 1299, 1302. "Reasonable suspicion" is determined under the facts and circumstances of each case by looking at whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. State v. Sanders, 97-892 (La. *1151 App. 5 Cir. 3/25/98), 717 So.2d 234, 240, writ denied, 98-1163 (La.9/25/98), 724 So.2d 774.
The officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity" and must be able to articulate the specific facts upon which his suspicion is based. State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879, 881 (quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)). In order to determine whether reasonable suspicion exits, the totality of the circumstances, "the whole picture," must be considered. State v. Kalie, 96-2650, p. 2 (La.9/19/97), 699 So.2d 879. An informant's tip can provide a police officer with reasonable cause to detain and question a suspect. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); State v. Jernigan, 377 So.2d 1222, 1224 (La.1979), cert. denied, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980).
We find the officers had reasonable suspicion to justify an investigatory stop of the defendant. Sergeant Harrison received specific information from a confidential informant, whom he stated was credible and reliable, that Mr. Jackson would leave his home around 5:30 p.m. on December 8, 2000, to sell ten pounds of marijuana in the area of Cleary Avenue and Veterans Boulevard. The informant also provided the police with a specific address, as well as the make, color, model, and license plate number of defendant's vehicle.
The surveillance set up by Harrison verified all of the specific information provided by the informant. The defendant left his residence at 5:35 p.m. on December 8, 2000, driving the described vehicle. The police lost surveillance and then proceeded to the designated delivery area. The defendant was located in the area. The officers approached defendant as he was sitting in his car in a parking lot located one block from the corner area of Veterans Boulevard and Cleary Avenue. Based on the corroboration by the officers of the specific information provided by the informant, we find that the officers had reasonable suspicion to justify an investigatory stop.
The defendant contends that since there was no illegal activity at the laundromat and that no one approached the defendant's vehicle to purchase drugs, the police conducted an investigatory stop before they had reasonable suspicion to stop him. We disagree. Police officers may stop a person in a public place whom they reasonably suspect is committing, has committed, or is about to commit an offense. LSA-C.Cr.P. art. 215.1 (emphasis added).
The defendant also argues that the informant was not reliable because the information provided did not state that the defendant would make stops prior to the alleged delivery. This argument has no merit. The tip from the confidential informant, previously found to be reliable by Harrison, contained predictive information from which the officers could reasonably determine that the informant had "inside information" or a "special familiarity" with defendant's affairs. The fact that the informant did not state that the defendant would make other stops before proceeding to the designated area does not diminish the value of the information provided.
It is well-settled in Federal and State jurisprudence that police officers may seize contraband detected during the lawful execution of an investigatory stop. See, Minnesota v. Dickerson, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). Under the plain view doctrine, if police are lawfully in a position from which they view *1152 an object that has an incriminating nature that is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant. State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 72, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118 (citations omitted).
Having found that the investigatory stop was valid, Harrison had a right to be standing near the passenger side of the vehicle. Harrison testified that he immediately smelled raw marijuana through the open window and saw a box containing clear plastic bags of vegetable matter in plain view. Based on the foregoing, the drugs found in the car were legally seized under the "plain view" exception to the warrant requirement. The trial judge correctly denied defendant's Motion to Suppress.
The record was reviewed for errors patent pursuant to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
At the conclusion of sentencing, the trial court informed the defendant of the two-year prescriptive period for seeking post-conviction relief; however, the court did not inform the defendant when this period began to run. This notice was incomplete as LSA-C.Cr.P. art. 930.8 provides that a defendant has two years from the day the judgment becomes final in which to file an Application for Post-Conviction Relief. Therefore, the district court is ordered to send written notice of the prescriptive period, along with a notice of when the period begins to run, to defendant within ten days of the rendering of its opinion, then to file written proof in the record that defendant received said notice. See, State v. Boles, 99-662 (La.App. 5 Cir. 11/10/99), 750 So.2d 1059, 1062.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Harrison stated throughout his testimony that he received information from a confidential informant. At the end of direct examination by the State, Harrison stated that he also received the information from another reliable source.
[2] LSA C.Cr.P. art. 215.1 provides in pertinent part:

A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.