GRAVOIS, J.
Defendant, Henry L. Mark, appeals his conviction and sentence resulting from a guilty plea to simple robbery. His appointed appellate counsel has filed a brief in conformity with the procedure outlined in State v. Bradford , 95-929 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11, asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles , 96-2669 (La. 12/12/97), 704 So.2d 241 (per curium ), appointed appellate counsel requests permission to withdraw as counsel of record for defendant. After thorough review of the record, we agree with counsel's assessment of the case and accordingly affirm defendant's conviction and sentence and grant the motion to withdraw.
PROCEDURAL HISTORY
On August 12, 2016, the Jefferson Parish District Attorney filed a bill of information charging defendant, Henry L. Mark, with armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3(A) (count one), and with aggravated second degree battery in violation of La. R.S. 14:34.7 (count two). That same date, defendant was arraigned and pled not guilty.[1]
*1072 Pursuant to a negotiated plea agreement, on May 15, 2017, the State amended count one in the bill of information to simple robbery in violation of La. R.S. 14:65 and dismissed count two. Defendant withdrew his plea of not guilty and tendered a plea of guilty to the amended charge of simple robbery, and the trial court conducted a colloquy with him. After accepting his guilty plea, the trial court sentenced defendant in accordance with the plea agreement to seven years imprisonment at hard labor.[2]
On May 21, 2018, defendant filed a Uniform Application for Post-Conviction Relief seeking an out-of-time appeal. On May 23, 2018, the trial court dismissed defendant's application without prejudice and granted him an out-of-time appeal.
FACTS
Defendant pled guilty. Therefore, the facts of this case were not fully developed at a trial. The amended bill of information provides that on or about May 28, 2016, in Jefferson Parish, defendant violated La. R.S. 14:65 by robbing Trey Gisclair. The State also provided the following factual basis for the charge during the colloquy: if it were to proceed to trial, the State would prove beyond a reasonable doubt that on or about May 28, 2016, defendant violated La. R.S. 14:65 by robbing Trey Gisclair.
ANDERS BRIEF
Under the procedure adopted by this Court in State v. Bradford , supra , appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California , supra , and State v. Jyles , supra , appointed counsel requests permission to withdraw as counsel of record for defendant.
In Anders , the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by " 'a brief referring to anything in the record that might arguably support the appeal' " so as to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." McCoy v. Court of Appeals of Wisconsin, Dist. 1 , 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In Jyles , 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Id.
When conducting a review for compliance with Anders , an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford , 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no *1073 non-frivolous issues for appeal, it may grant appellate counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
ANALYSIS
Defendant's appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Counsel avers that defendant was advised of his constitutional rights, and he freely and voluntarily waived those rights by amending his plea to guilty. Counsel states that defendant signed the waiver of rights form, verifying that he was advised of these rights, and he verbally declared his understanding of the waiver of his rights. He notes that defendant was also questioned about his mental competence and his ability to understand the sentence to be imposed. Counsel provides that defendant was sentenced based on the terms and conditions of the plea agreement.
Appellate counsel has filed a motion to withdraw as counsel of record for defendant which states that he has made a conscientious and thorough review of the record and can find no non-frivolous issues to raise on appeal and no rulings to support an appeal. Additionally, this Court notified defendant by certified mail that an Anders brief had been filed and that he had until October 10, 2018 to file a pro se supplemental brief. As of the date of the case's submission for decision, defendant had not filed a brief with this Court.
The State filed a response to defendant's appeal, agreeing with appellate counsel's assertion that there are no non-frivolous issues for appellate review and that defendant voluntarily and intelligently entered his guilty plea. It asserts that counsel's motion to withdraw should be granted as he has "cast an advocate's eye" over the record.
An independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The amended bill of information properly charged defendant and plainly and concisely stated the essential facts constituting the charged offense. It also sufficiently identified defendant and the crime charged. See generally La. C.Cr.P. arts. 464 - 466. As reflected by the transcripts and the minute entries, defendant appeared at each stage of the proceedings against him. As such, defendant's presence does not support any claims on appeal.
Defendant pled guilty to simple robbery in violation of La. R.S. 14:65. When a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner , 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. Here, defendant entered an unqualified guilty plea, and therefore, all non-jurisdictional defects have been waived. No rulings were preserved for appeal under State v. Crosby , 338 So.2d 584 (La. 1976).[3]
*1074 A review of the record reveals no irregularities in defendant's guilty plea. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil , 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
The record shows defendant was aware he was pleading guilty to one count of simple robbery, a violation of La. R.S. 14:65. Defendant was properly advised of his Boykin rights. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination. On the waiver of rights form, defendant made an affirmative notation next to each of these rights, indicating that he understood he was waiving these rights by pleading guilty. Defendant acknowledged that he had reviewed the waiver of rights form with his attorney. Defendant also verbally indicated his understanding that he was waiving these rights during the colloquy with the trial court.
Defendant further indicated, both during his guilty plea colloquy and in his executed waiver of rights form, that he had not been forced, coerced, or threatened into entering his plea. He denied suffering from any physical or mental impairment that would affect his competency to enter the plea and acknowledged that he was capable of reading, writing, and understanding English. He also indicated that he was satisfied with his attorney and the manner in which the trial court handled his case. Defendant was advised that he was waiving his right to appeal any verdict of guilty returned at a trial.[5]
During the colloquy, defendant was correctly informed that the sentencing range for simple robbery was zero to seven years imprisonment punishable with or without hard labor.[6] Defendant was informed via the waiver of rights form and during the colloquy of the actual sentence of seven years imprisonment at hard labor that would be imposed upon acceptance of *1075 his plea.[7] Also, he was advised that his plea could be used to enhance a penalty for any future conviction. The trial court then accepted defendant's plea as knowingly, intelligently, freely, and voluntarily made.
Further, defendant's sentence does not present issues for appeal. Defendant's sentence was imposed in accordance with the plea agreement. This Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore , 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46, writ denied , 09-2046 (La. 8/18/10), 42 So.3d 394 ; State v. Washington , 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Here, defendant's seven-year sentence at hard labor is within the sentencing range set forth in the statute. See La. R.S. 14:65. Although he received the maximum term of imprisonment carried by La. R.S. 14:65, defendant's plea agreement was beneficial to him in that the State reduced count one from armed robbery with a firearm and dismissed count two in its entirety. Additionally, the State chose not to file a habitual offender bill of information against defendant as part of the plea agreement.
Because appellate counsel's brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record for defendant is hereby granted.
ERRORS PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux , 312 So.2d 337 (La. 1975), and State v. Weiland , 556 So.2d 175 (La. App. 5th Cir. 1990). No errors patent were discovered.
CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw as counsel of record for defendant is granted.
AFFIRMED; MOTION TO WITHDRAW GRANTED

On July 7, 2016, defendant filed a motion for a preliminary hearing, which was set for hearing but continued without date. On August 2, 2016, defendant filed a Motion for Release without Bail Pending Trial, which was denied at his arraignment.

Defendant was also ordered to pay fines, fees, and costs.

Defendant also filed a motion for a preliminary hearing, which was not ruled upon prior to defendant's guilty plea. Nevertheless, defendant waived any argument regarding these outstanding motions by pleading guilty without raising the issue. See State v. Corzo , 04-791 (La. App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

During the colloquy, defendant, as well as his trial counsel, indicated that the plea was in defendant's "best interest." The "best interest" or Alford plea is one in which a defendant pleads guilty while maintaining his innocence. McCoil , 924 So.2d at 1122. However, the record does not reflect that this was a plea pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Defendant admitted he was guilty of the crime.

See La. R.S. 14:65(B) ("Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.). Defendant was not informed that La. R.S. 14:65 carried a possible fine of not more than $3,000.00. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. "Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." La. C.Cr.P. art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to a harmless error analysis. State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. Under the circumstances, we find the trial court's failure to advise defendant of a possible fine is harmless. See State v. Reed , 99-1296 (La. App. 5 Cir. 5/17/00), 762 So.2d 218, writ denied , 00-1682 (La. 4/12/01), 788 So.2d 1201.

The advisement of the agreed-upon sentences is sufficient for compliance with La. C.Cr.P. art. 556.1. Craig , 66 So.3d at 64 ; State v. Broadway , 40,569 (La. App. 2 Cir. 1/25/06), 920 So.2d 960.