DAUKSCH, Chief Judge.
This is an appeal from a judgment after a jury verdict in an insurance coverage case. The question on appeal is whether the insurance carrier had the right under the law or within its contract to cancel the policy. We hold that it did not and reverse the judgment.
Briefly stated, the facts are that Christine Jackson bought a year’s worth of automobile insurance through the agent Lancaster from American Motorists. The premium charged was based upon various factors including the fact that the application for insurance stated that the one way mileage Mrs. Jackson drove to work was two miles. As a result of an investigation, the carrier determined Mrs. Jackson was driving ten miles to work. Because of this additional mileage to work, it was the carrier’s determination that the risk of accident was greater so a greater premium was due. American Motorists notified Lancaster of the need to reclassify the premium rate class. The policy was purchased in December and the notice to Lancaster was sent in February. This notice was not sent to Mrs. Jackson by American Motorists or Lancaster. There was no notice sent to her until September. At that time, the carrier sent a form to her telling her the policy was to be cancelled for non-payment of premium. She says she did not receive that notice and the trial judge ruled as a matter of law that there was no evidence to support the jury’s verdict that she did receive it. When the additional premium was not received, the carrier decided to reduce the term of the coverage and have the policy expire after 289 days instead of the initially agreed and fully paid one year. After the 289 days, but before the one year, a claim was made against the policy and Mrs. Jackson was informed she had no insurance.
We have been cited no case law directly on point and have not discovered any authority for the insurance carrier’s unilateral decision to change the insurance contract as was done here. The applicable provision of the policy is as follows:
*585 17. Cancelation by Company Limited. Part 1. After this policy has been in effect for sixty days or, if the policy is a renewal, effective immediately, the company shall not exercise its right to cancel the insurance afforded under Part I unless:
1. the named insured fails to discharge when due any of his obligations in connection with the payment of premium for this policy or any installment thereof whether payable directly or under any premium finance plan; or
2. the insurance was obtained through fraudulent misrepresentation; or
3. the insured violates any of the terms and conditions of the policy; or
4. the named insured or any other operator, either resident in the same household, or who customarily operates an automobile insured under the policy,
(a) has had his driver’s license suspended or revoked during the policy period, or
(b) is or becomes subject to epilepsy or heart attacks, and such individual cannot produce a certificate from a physician testifying to its unqualified ability to operate a motor vehicle, or
(c) is or has been convicted of or forfeits bail, during the 36 months immediately preceding the effective date of the policy or during the policy period, for:
(1) any felony, or
(2) criminal negligence resulting in death, homicide or assault, arising out of the operation of a motor vehicle, or
(3) operating a motor vehicle while in an intoxicated condition or while under the influence of drugs, or
(4) leaving the scene of an accident without stopping to report, or
(5) theft of a motor vehicle, or
(6) making false statements in an application for a driver’s license, or
(7) a third violation, committed within a period of 18 months, or (i) any ordinance or regulation limiting the speed of motor vehicles or (ii) any of the provisions in the motor vehicle laws of any state, the violation of which constitutes a misdemeanor, whether or not the violations were repetitions of the same offense or were different offenses.
This agreement shall apply to each successive policy period for which the company consents to renew or continue this policy but nothing herein shall obligate the company to renew or continue the policy.
In February when the carrier determined a material misrepresentation or a fraudulent misstatement had been made in the application, the carrier could have cancelled the policy in the statutorily mandated fashion. Sec. 627.728, Fla.Stat. So far as any other alternative, such as the one chosen by the carrier here, we find none exists. Here the carrier reduced the period of time for the coverage. We cannot condone that unilateral action any more than we would allow the reduction in the amount of coverage from, say $15,000.00 to $5,000.00; or take out the collision coverage and leave in the liability or vice versa.
The judgment for appellee, American Motorists Insurance Company, is reversed and this cause remanded to enter judgment for plaintiffs against American Motorists Insurance Company for the amount of damages the jury found was sustained.
REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.
UPON MOTION FOR CLARIFICATION
DAUKSCH, Chief Judge.
Because we have been advised the parties entered into certain stipulations before trial in regard to recoverable damages which might be affected by our disposition of this case, we change the last paragraph of the opinion to read
The judgment for appellee, American Motorists Insurance Company, is reversed and this cause remanded for further consideration of the trial court in accordance with the opinion of this court that the attempted cancellation of coverage by the American Motorists Insurance Company was ineffective.
*586 The judgment for appellee, Robert M. Lancaster, d/b/a Lancaster Insurance Agency, is affirmed.
ORFINGER and COBB, JJ., concur.