11SCHOTT, J., Pro Tempore.
Defendant was convicted of possession of 28 grams or more, but less than 200 grams, of cocaine. Under the Habitual Offender Law, LSA-R.S. 15:529.1 et seq., the court found defendant to be a second offender and sentenced him to thirty years at hard labor without benefit of parole, probation, or suspension of sentence.
Officer Eugene Smothers testified as follows: At approximately 1:30 a.m. on June 9, 1998, he was on patrol in his automobile on North Roman Street and was on his way to assist other officers in the 1900 block of Dumaine Street. One block before he reached the intersection of Du-maine and North Roman Streets, he saw an individual, later identified as defendant, standing at that intersection next to an automobile with its trunk open. He walked away from the car and peered around the corner where the other police officers were. Smothers was in “blackout mode,” meaning that he had no lights or siren, and he was creeping along North Roman in his patrol car. When he got within ten feet of defendant, he noticed the police car, went over to his own car, closed the trunk, removed something from his pocket, and discarded a white object which Smothers believed was crack cocaine.
| ^Smothers exited his vehicle and approached the defendant. At this time a woman walked up and Smothers placed both of them in his police car because he did not want to give the woman a chance to retrieve the discarded object. Smothers retrieved the object and found it to be a plastic bag containing several white rock-like substances which he believed to be cocaine. He placed defendant under arrest and advised him of his rights.
He went back to the car and noticed that the trunk was not closed completely so.he opened it. Inside was a large plastic bag containing several smaller bags filled with what he believed was crack cocaine. He called for other officers and a drug dog which alerted on a spot in the trunk where the police found an eight inch long glass tube used to make crack.
Karen Lewis-Holmes, a criminalist, testified that the first of the two bags of cocaine weighed 8.9 grams and that the other bag weighed 29.9 grams.
Luerether Wilhike testified as follows: On the night defendant was arrested, she saw him sitting on the trunk of a car when a police officer came up and asked him and herself for identification. She did not see defendant throw anything to the ground, but she saw the officer going through defendant’s pockets.
A review of the record for errors patent reveals none except as discussed below in connection with Assignment of Error No. 3.
By his first assignment of error, defendant complains that the trial court erred in denying his motion to suppress the evidence. He argues that Smothers lacked reasonable suspicion to stop him, and, even if there was reasonable suspicion, the officer went too far in actually arresting him before determining whether illegal activity was afoot. He further argues that there was no justification for the warrantless entry in the vehicle because | aSmothers did not see him put anything into the trunk and the vehicle had not been impounded so as to allow an inventory search of the trunk.
Beginning with the initial stop when defendant was placed in the police *668 vehicle with the woman, Smothers had just seen him discard an object which he believed to be crack cocaine. Once defendant abandoned the object he could not claim that it was unlawfully seized. While defendant was detained in the police vehicle, Smothers retrieved the abandoned object, but the seizure of the object was not the result of the detention. Since Smothers was then convinced that the object was crack cocaine he was authorized to place defendant under arrest. LSA-C.Cr.P. Art. 213. Thus, the trial court properly denied the motion to suppress the 8.9 grams of cocaine abandoned by the defendant.
There was also no basis for suppressing the 29.9 grams of cocaine found in the trunk of the car. In Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999), the United States Supreme Court reversed the granting of a motion to suppress evidence that had been seized without a warrant from the trunk of the defendant’s automobile. The court, in a per curiam opinion stated:
The Fourth Amendment generally requires police to secure a warrant before conducting a search. California v. Carney, 471 U.S. 386, 390-391, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985). As we recognized nearly 75 years ago in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), there is an exception to this requirement for searches of automobiles. And under our established precedent, the “automobile exception” has no separate exigency requirement. We made this clear in United States v. Ross, 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), when we said that in eases where there was probable cause to search a vehicle “a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not been actually obtained.” (Emphasis |4added). In a case with virtually identical facts to this one (even down to the bag of cocaine in the trunk of the car), Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam), we repeated that the automobile exception does not have a separate exigency requirement: “If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment ... permits police to search the vehicle without more.” Id., at 940, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031.
Id., 527 U.S. at 466-67, 119 S.Ct. at 2014.
Smothers had probable cause to search the trunk based on his seizure of the bag of cocaine discarded by defendant and defendant’s hurriedly closing the lid of the trunk when he saw Smothers approaching in his police car. Therefore, pursuant to the automobile exception to the warrant requirement as discussed above, he could open the trunk, look inside it, and seize the bag of crack cocaine without first obtaining a search warrant. The trial court did not err in denying defendant’s motion to suppress the evidence.
Defendant argues that Smothers’ testimony was contradictory and incredible, but the trial judge stated at the conclusion of the hearing on the motion to suppress that he found probable cause for the arrest based on the testimony of the officers. Since he found Smothers’ testimony to be credible, we accept that determination. In any event, our review of the testimony at the motion hearing does not disclose any discrepancies or contradictions in the essential facts of the case. This assignment of error is meritless.
By his second assignment of error, defendant complains that the trial court erred in finding him to be a second felony offender. He argues that the State failed to present sufficient evidence that the guilty plea he entered to the predicate offense was knowingly and voluntarily made.
|fiThe first issue to be resolved is whether defendant has preserved this issue for appellate review. Although defen *669 dant did not file a written response to the multiple bill of information as required by R.S. 15:529.1(D)(1)(b), he did object to the “substantial nature” of the multiple bill. This was sufficient to preserve such issues for appellate review. State v. Anderson, 97-2587 (La.App. 4th Cir.11/18/98), 728 So.2d 14.
The State placed into evidence the bill of information, sheriffs commitment form, probation report form, a waiver of constitutional rights/plea of guilty form, a minute entry, and a docket master from the predicate conviction, which was a conviction for possession of cocaine with the intent to distribute. The guilty plea form contains defendant’s initials next to the enumeration of the rights he was giving up; and, those rights include: a trial by judge or jury; to be presumed innocent until the District Attorney proves his guilt beyond a reasonable doubt; to force the District Attorney to call witnesses who would testify against him at trial and to have his attorney ask them questions; to testify at trial if he chose to do so or to remain silent and not have his silence held against him or used as evidence of-guilt; to present witnesses who would testify for him and evidence that would be helpful or favorable; and to appeal any verdict. The minute entry for the guilty plea states that the trial court informed defendant of his rights he was waiving by pleading guilty; but, there was no enumeration of those rights in the minute entry.
Although there is no “perfect” transcript of the taking of the guilty plea in the record and the minute entry is incomplete, when it is considered in connection with the guilty plea form showing that defendant was informed of his right to a jury trial, his privilege against self-incrimination, and his right to confront his accusers, we conclude that the State presented | ^sufficient evidence that defendant’s guilty plea to the predicate offense was knowingly and voluntarily made. State v. Shelton, 621 So.2d 769, 774-780 (La.1993). This assignment of error is without merit.
By his third assignment of error, defendant complains that the trial court erred in imposing his sentence without benefit of parole. La. R.S. 40:967(F)(1)(a) provides that one convicted of possession of more than twenty-eight grams, but less than two hundred grams, of cocaine shall be sentenced to a term of imprisonment of not less than ten years and not more than sixty years and to payment of a fine of not less than $50,000 and not more than $150,000. Section G provides that with respect to any person to whom the provisions of Section F apply, the sentence shall not be suspended and the defendant shall not be eligible for parole or probation prior to serving the minimum sentence. La. R.S. 15:529.1(G) provides that any sentence shall be without benefit of probation or suspension of sentence. Thus, the sentence imposed on defendant improperly provides that the entire sentence is to be without benefit of parole when parole ineligibility should have been limited to the first ten years of the sentence.
By two pro se assignments defendant argues that the evidence was insufficient to convict him of possession of 28 grams of cocaine and that he was denied his constitutional right to effective assistance of counsel. His first argument is based on the fact that the criminalist who testified for the state tested only four rocks of crack cocaine of the 29.9 grams found in his possession. This identical argument was made in State v. Ballom, 562 So.2d 1073 (La.App. 4th Cir.1990), writ denied, 575 So.2d 386 (La.1991), in which this court held that the random testing of one gram of crack cocaine was sufficient to convict the defendant of possession of at least 200 grams. This assignment is without merit.
|7By his other pro se assignment of error, defendant argues that his counsel was ineffective in that 1) he failed to file a motion to reconsider his sentence pursuant to C.Cr.P. Art. 881.1 with the result that he was precluded from review of his sen *670 tence on appeal and 2) his counsel advised him to admit his identity in the Habitual Offender proceedings.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief filed in the trial-court where a full evidentiary hearing can be conducted. Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Guillard, 98-0504 (La.App. 4 Cir. 4/7/99), 736 So.2d 273.
In the present case the record does not disclose evidence on the issue of excessiveness of defendant’s sentence or whether defendant was prejudiced by the admission of his identity in the Habitual Offender proceedings. Consequently, we cannot address these issues on this appeal.
Accordingly, defendant’s conviction is affirmed and his sentence is amended to prohibit parole eligibility only for the first ten years.

CONVICTION AFFIRMED AND SENTENCE AMENDED.