TOBIAS, Judge,
dissenting.
I respectfully dissent.
Once the red Mazda automobile driven by Amir Yabarra and in which Luis Corzo was riding as a guest passenger disregarded the red light at the corner of Banks Street and South Carrollton Avenue, the officers were legally entitled to stop the vehicle. If the officers had probable cause to believe that contraband was in the car, they could search it without obtaining a warrant and without a showing of exigent circumstances. Maryland v. Dyson, 527 U.S. 465, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999); State v. Toca, 99-1871 (La.App. 4 *77 Cir. 9/6/00), 769 So.2d 665. See also, United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Pennsylvania v. Labron, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996).
The dwelling at 4210 South Carrollton Avenue was under surveillance for narcotics activity by police officers. The officers were awaiting the delivery of a search warrant that was being issued upon information from a confidential informant. While observing the dwelling, they observed Yabarra and Corzo drive up to the dwelling in the Mazda and enter the dwelling. After a few minutes, Corzo exited the dwelling, opened the car door on the driver’s side, and reached inside the car to release the gas cap compartment cover. He immediately walked to the gas cap compartment, reached into his pants pocket and remove something, and | ¿‘placed the object” inside the compartment. He then closed the compartment, closed the car door, and returned to the dwelling. A few minutes later, Yabarra and Corzo entered the car and drove off. The stop of the vehicle occurred after the car ran the red light.
If the actions of Corzo had occurred at a gas station or if Corzo had done something that indicated that he was adding fuel or an additive to the gas tank, the actions would not establish probable cause. However, to the trained eye of a police officer who was on the scene awaiting the delivery of a search warrant relating to narcotic activity, the actions were of such a nature to raise a reasonable suspicion that contraband had been placed inside the gas cap compartment. Once Yabarra violated the traffic ordinances, the officers were free to search the vehicle for contraband.
I find the majority’s reliance on State v. Scull, 93-2360 (La.App. 4 Cir. 6/30/94), 639 So.2d 1239, misplaced. In Scull, this court found that the search of a glove compartment of a car by police officers was made without probable cause because the officers saw no other activity consistent with drug activity. Obviously, nothing per se is suspicious about one entering a glove compartment of a car in which one is a passenger. In the case at bar, Corzo’s actions, considering the entirety of the circumstances, was suspicious in the eyes of a trained police officer and gave the officers probable cause to believe drugs were placed inside the gas cap compartment.
We are required to consider the information upon which the trial court’s ruling was based. The trial court considered the totality of the circumstances. Accordingly, I do not find that the trial court erred by denying the motion to suppress.
| ¡¡Although Corzo argues that his statement made at the police station should be suppressed because it was the fruit of an illegal arrest, because the seizure of the contraband was lawful and the arrest the product of the lawful seizure, no basis exists for the statement to be suppressed.
Although the majority fails to address Corzo’s second assignment of error regarding the failure of the trial court to advise him at sentencing of the post-conviction relief provisions of La.C.Cr.P. art. 930.8, the Supreme Court has held that the language is “supplicatory” and “does not bestow an enforceable right upon an individual defendant.” State ex rel. Glover v. State, 93-2330, 94-2101, 94-2197 (La.9/5/95), 660 So.2d 1189. The assignment is without merit, however, we note that article 930.8 grants Corzo two years from the finality of his conviction in which to file applications for post-conviction relief.
I would, accordingly, affirm the conviction and sentence.