liMAX N. TOBIAS, JR., Judge.
On 18 June 2001, the defendant, Robert E. Howard (“Howard”), was charged by bill of information with one count of distribution of cocaine, a violation of La. R.S. 40:967. On 4 December 2001, he elected to be tried by a jury, and trial commenced. *649 However, during trial Howard withdrew his former plea of not guilty and entered a plea of guilty to the lesser charge of possession of cocaine. The court ordered a pre-sentence investigation and reset the matter for sentencing. On 18 April 2002, Howard orally moved for a new trial, asserting that the notes and tapes of the hearing on the motion to suppress the evidence and of his guilty plea had been destroyed in the Plaquemines Parish courthouse fire of 12 January 2002. The court granted the motion for new trial and vacated the guilty plea. In response, the state filed a motion to rescind the order vacating the guilty plea; after viewing the plea of guilty waiver form the court took the matter under advisement. On 4 June 2002, the court granted the state’s motion and reinstated Howard’s guilty plea to the possession charge. Howard noted his intent to seek supervisory -writs, but failed to do so. The matter was continued several times, and on 17 October 2002 the court sentenced Howard to serve five | ¿years at hard labor. Howard moved for an appeal a few days later, which the court granted.
Because Howard pled guilty to the charge and the transcript of the suppression hearing is unavailable, the facts of the underlying charge are unknown.
ERRORS PATENT
A review of the record reveals no indication that Howard was arraigned, most probably due to the destruction of the record in the courthouse fire. However, any error in this regard, if indeed it did occur, is harmless because the failure to arraign a defendant is harmless if the defendant goes to trial without objecting to the failure to arraign. La.C.Cr.P. art. 555. Here, there is no indication that there was an objection. In addition, the minute entry of the trial court and the resulting guilty plea indicates that Howard withdrew his prior plea of not guilty and entered a plea of guilty to the charge of possession of cocaine.
No other error patent exists.
ASSIGNMENT OF ERROR
In his sole assignment of error, Howard contends that his constitutional right to appellate review has been denied because the tapes and notes of his suppression hearing and his guilty plea were destroyed in the courthouse fire. He argues that because counsel on appeal is different from counsel at the suppression hearing, present counsel is unable to determine if the trial court erred by denying the motion to suppress the evidence.
This argument is, however, without merit because Howard pled guilty |sas charged without reserving his right of review of any pretrial rulings under State v. Crosby, 388 So.2d 584 (La.1976).[1] Thus, even if the suppression transcript had been available, present counsel could not have raised an assignment of error as to the trial court’s ruling on the motion to suppress. In this respect, this case is distinguishable from the cases cited by Howard in his brief, namely, State v. Archie, 462 So.2d 248 (La.App. 4 Cir.1984), State v. Bizette, 334 So.2d 392 (La.1976), and State v. Rooney, 187 La. 256, 174 So. 348 (1937). Therefore, the unavailability of suppression hearing transcript does not impinge upon his right of review.
Howard also contends that he is prejudiced by the unavailability of his guilty plea transcript, but he does not specify how he is prejudiced. The guilty plea form indicates that Howard was ten *650 dering a straight guilty plea, without reserving any rights. The plea form and the minute entry of the guilty plea also note that Howard was pleading “in the blind,” meaning he had not been promised any particular sentence. Both the minute entry of the plea and the plea form set forth the rights of which the court advised Howard prior to accepting his plea, including his Boykin rights. In addition, the sentencing transcript, which is contained in the record on appeal, indicates that part of the plea bargain in this case included the state’s promise not to file a multiple bill against him; apparently Howard could have been charged as a fourth felony offender. Given these factors, we find the unavailability of the guilty plea transcript also does not impinge upon Howard’s constitutional right of appellate review.
^CONCLUSION
For the foregoing reasons, Howard’s conviction and sentence are affirmed.

AFFIRMED.

. The guilty plea form shows no reservation of Howard's rights under Crosby and it is clear that Howard was entering a plea of guilty without a promise of a specific sentence.