JUDE G. GRAVOIS, Judge.
^Defendant, Hasson Mitchell, has appealed his conviction and sentence for home invasion, in violation of LSA-R.S. 62.8.[1] Defendant’s appointed appellate counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record. After thoroughly reviewing the record in this case, we concur with the representations of defendant’s counsel. Accordingly, for the reasons that follow, we affirm defendant’s *831 conviction and sentence, and grant appointed counsel’s motion to withdraw.

¡¿FACTS AND PROCEDURAL BACKGROUND

On January 21, 2010, the Jefferson Parish District Attorney filed a bill of information charging defendant with home invasion in violation of LSA-R.S. 14:62.8. Defendant initially pled not guilty. On April 26, 2010, defendant pled guilty as charged and pursuant to a plea agreement, was sentenced to ten years imprisonment at hard labor. On June 14, 2010, defendant’s pro se motion for appeal was granted.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530-31 (La.App. 4 Cir.1990),[2] appointed appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds the case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court 14“in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (citation omitted).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines that there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it *832 may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id.
In the instant case, defendant’s appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel states that there is no ruling of the trial court to be challenged, lsexplaining that defendant pled guilty as charged and there were no pre-trial rulings. She contends that raising a claim of excessive sentence would be frivolous when defendant was informed of the considered ten-year sentence and his sentence was ordered to run concurrently with other sentences imposed in other cases on the same day.
Appellate counsel has filed a motion to withdraw as attorney of record that states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which arguably would support the appeal. She contends she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until December 18, 2010 to file a pro se supplemental brief. Defendant has not filed a brief.
The State responds that appellate counsel shows a complete and thorough recitation of the procedural history of the case and that counsel has cast an advocate’s eye over the record, determining there were no significant non-frivolous issues upon which to base an appeal. The State requests that this Court affirm defendant’s conviction and sentence.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-66.
IsAs reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. As such, defendant’s presence does not present any issue that would support an appeal.
Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
The record does not contain any pre-trial motions filed by defendant; thus there were no rulings to preserve for appeal under the holding in State v. Crosby, 388 So.2d 584 (La.1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boy- *833 /cm[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra.
The record in the instant case shows that defendant was aware he was pleading guilty to home invasion. He was advised of his right to a judge or jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin. Defendant was advised of these rights by means of the waiver of rights form as well as during the colloquy with the trial judge. Defendant, a 30-year-old high school graduate who stated that he could read, indicated during the 17colloquy that he understood that he was waiving these rights. The commitment also reflects that defendant was advised of his Boykin rights.
Defendant further indicated that he had not been forced, coerced, or threatened to enter his guilty plea. He was informed that this guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
Defendant was also advised that he faced a possible sentence of up to twenty-five years and that he would be sentenced to ten years at hard labor, to ran concurrently with his other sentences. Defendant stated that he understood the consequences of pleading guilty and wished to plead guilty. Additionally, defendant, his attorney, and the judge signed guilty plea forms that enumerated defendant’s rights, and explained the sentence defendant would receive pursuant to the plea agreement.
Defendant’s sentence does not present any issues for appeal because his ten-year sentence falls within the sentencing range prescribed by statute. See LSA-R.S. 14:62.8. Further, defendant’s sentence was imposed pursuant to a plea agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173.
Based on the foregoing, we find that the proceedings surrounding defendant’s plea of guilty and his sentence do not present any non-frivolous issues to be raised on appeal. Because appellate counsel’s brief adequately demonstrates that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s ^assertion, we hereby grant appellate counsel’s motion to withdraw as attorney of record.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). This review does not reveal any errors patent.

CONCLUSION

For the foregoing reasons, we affirm defendant’s conviction and sentence, and grant counsel’s motion to withdraw.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. Although the transcript of defendant's guilty plea also pertains to defendant's other charges in 24th Judicial District Court case numbers 09-3164, 09-5941, 09-2927 and 10-0360, only defendant’s conviction in case number 10-0359 is the subject of this appeal.

. The procedure set forth in Benjamin for compliance with Anders was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11.

. The United States Supreme Court most recently reaffirmed its position in Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)